Jordan v. Woodward.

---

JORDAN & al., *in Equity, versus* WOODWARD.

On a question arising between the owners of a water privilege, as to the alleged use by one of them of a larger share than he is entitled to, and a detriment thereby to the plaintiffs, the Court will not interpose an injunction.

Unless the right supposed to be invaded, has been established by law, or been long enjoyed without interruption, or there exists an imperious necessity, such process cannot be invoked.

BILL IN EQUITY, to which was filed a general demurrer. The substance of the bill appears in the opinion of the Court.

*J. A. Peters*, for defendant.
*Robinson*, for plaintiffs.

APPLETON, J. — The bill alleges, that the complainants are the owners and entitled to the use of four-fifths, and the respondent of one fifth of the water of the "five saw dam," so called; that within six months past, the respondent has erected a mill, and during that period drawn one-third of the water instead of the one-fifth, to which he was justly entitled; and that in consequence of such wrongful act, they have been deprived of the use of a portion of the water belonging to them. Then follows the prayer for an injunction. There has been no judicial decision establishing a violation of the rights of the complainants. The wrong, of which complaint is made, is of recent date. In *Reid* v. *Gifford*, 6 Johns. Chan. 19, the diversion of water complained of had been for more than three years, but the injunction was denied, because the right had not been first settled at law. It is not every violation of the rights of another, which may be ranked under the general head of nuisance, which will authorize the interposition of this Court by means of an injunction. It must be a case of strong and imperious necessity, or the right must have been previously established at law, or it must have been long enjoyed without interruption. *Olmsted* v. *Loomis*, 6 Barb. 153. No irreparable mischief is threatened. The courts of law afford ample remedies for all damages, which have occurred or which may occur. In *Porter* v. *Witham*, 17 Maine, 292, the principles here considered were fully examined and affirmed. According to the uniform course of the decisions, the complainants are not entitled to an injunction.

*Demurrer sustained. Bill dismissed*
*with costs for defendant.*

SHEPLEY, C. J., and TENNEY and HOWARD, J. J., concurred.