BURLEIGH *v.* FORD.

Trespass *quare clausum* cannot be maintained for breaking and entering property not real estate.

A submission in writing to arbitration, of "all matters in controversy relating to the C. tent," includes acts of one party done in dispossessing the other of the tent.

An award made upon such a submission is, when pleaded, a sufficient
defence to an action of trespass for dispossession of the tent.

TRESPASS *quare clausum*, for breaking and entering room No.
1, and the attic and appurtenances, in the Concord tent at Alton
Bay camp-ground, and expelling therefrom the plaintiff and her
goods.   There was a second count for assault and battery.   Plea,
the general issue, with a brief statement of title in the defendant
and the wrongful entry and removal without injury of the plain-
tiff.   A second brief statement set out a submission in writing by
the plaintiff and the defendant, just after her first expulsion from
the tent, to a board of arbitrators appointed by the camp-meeting
association, of all matters in controversy between them in relation
to the Concord tent, who should adjudicate and equitably adjust
the same, and whose decision should be final and submitted to;
and the arbitrators heard the parties, and made and published their
award in writing, that the plaintiff should convey by a bill of sale
to the defendant all her interest in the tent, and that the defendant
should pay her a certain sum specified, and she should immediately
quit the tent in a quiet manner, and the parties should not further
trouble the matter by discussion; the defendant at once per-
formed his part of the award, but the plaintiff refused either to
convey her interest or quit the tent, and the defendant thereupon
caused her to be removed.   No question of damages for the plain-
tiff's expulsion from the tent, or for any assault and battery, was
heard by the arbitrators, and the court, on motion of the plaintiff,
rejected the second brief statement, and the defendant excepted.

The ground where the tent stood belonged to the Boston &
Maine Railroad, and by its permission, without rent, was occu-
pied and controlled by the Alton Bay Camp-Meeting Association,
by whose consent the tent, which was in fact a wooden building,
was erected.   At the close of the evidence, the defendant moved
for a nonsuit, on the ground that the tent was a personal chattel,
for being dispossessed of which the plaintiff could not maintain
trespass *quare clausum*.   Motion denied, and exception.   Verdict
for the plaintiff, and motion for a new trial.

*A. F. L. Norris* (with whom were *Hibbard* and *Rand*), for the
plaintiff.

The declaration contained a sufficient allegation of breaking and
entering real estate.   *Gibson* v. *Brockway*, 8 N. H. 465; *Bean* v.
*Brackett*, 34 N. H. 119; *Winchester* v. *Hees*, 35 N. H. 43; *Allen* v.
*Scott*, 21 Pick. 25; *Sawyer* v. *Ryan*, 13 Met. 144; *Hilton* v. *Gil-
man*, 17 Me. 263; *Bennet* v. *Bittle*, 4 Rawle 339; Shep. Touch.
94; Co. Litt. 5 b.

The subject-matter of this suit was not embraced within the
submission.   *Greenough* v. *Rolfe*, 4 N. H. 357; *Adams* v. *Adams*,
8 N. H. 82; *Hall* v. *Vanier*, 6 Neb. 85.

The award was void because the arbitrators exceeded their powers in ordering the plaintiff to convey her property to the defendant at a price fixed by them. *Robinson* v. *Moore,* 17 N. H. 479; *Worthen* v. *Stevens,* 4 Mass. 448; *Jones* v. *Boston Mill Corp.,* 4 Pick. 507; *Culver* v. *Ashley,* 17 Pick. 98; *Richards* v. *Todd,* 127 Mass. 171; *Sessions* v. *Barfield,* 2 Bay 94; *Butler* v. *Mayor,* 1 Hill 491; *In re Williams,* 4 Den. 201; *Walsh* v. *Gilmor,* 3 Har. & J. 383; *Hunter* v. *Rice,* 15 East 100.

*Whipple* and *Jewell* (with whom were *Pike & Parsons*), for the defendant.

The submission and award included the controversy in this suit. Morse Arb. 179; *Lamphire* v. *Cowan,* 39 Vt. 420; *Hayes* v. *Forskoll,* 31 Me. 112; *Shelton* v. *Alcox,* 11 Conn. 249; *Myers* v. *R. R. Co.,* 2 Curt. C. C. 28.

The arbitrators did not exceed their powers in ordering a sale of the interest of one to the other, but acted within the terms of the submission, and could not equitably adjust the differences any other way. 1 Sto. Eq. Jur., ss. 655, 656, 656 *b,* 656 *c;* 2 Sto. Eq. Jur., ss. 1217, 1218; Gen. St., c. 228, s. 25. The agreement to submit the matter and abide by the decision was an assent of the parties to the awarding of a sale from one to the other. *Barney* v. *Leeds,* 54 N. H. 128, 145.

ALLEN, J. The exceptions in this case having been once overruled and judgment ordered on the verdict, a rehearing of the questions is granted. Two questions arise, (1) whether the motion for a nonsuit was properly denied; (2) whether the second brief statement was properly rejected.

I. The plaintiff's "room" in the tent and the "attic and appurtenances" were not, either of them, necessarily and as matter of law, real estate, and the allegation that the defendant "broke and entered the rooms and apartments of the plaintiff, situate, &c., being the room numbered one and the attic with the appurtenances in the Concord tent," &c., is not a sufficient allegation of breaking and entering real estate. The room, which the defendant was charged with breaking and entering, was in a building known as the Concord tent, erected by permission of the camp-meeting association on ground occupied and controlled by the association under a license from the owner, the Boston & Maine Railroad. The building so situated, and which could be removed or sold at the pleasure of the builders or owners, without consulting the owner of the land on which it stood, was in no sense real estate, but a personal chattel. *Aldrich* v. *Parsons,* 6 N. H. 555; *Haven* v. *Emery,* 33 N. H. 66, 68; *Bean* v. *Brackett,* 34 N. H. 102, 118; *Dame* v. *Dame,* 38 N. H. 429, and cases cited. The authorities cited by the plaintiff in support of the declaration are mainly

cases of the construction of particular grants, in which the language of the entire deed is considered, in ascertaining the intention of the parties, a doctrine which the certainty required in pleading does not admit of. The terms " dwelling-house," " building," "mill," "factory," as used in these cases, and by their ordinary meaning, describe things fixed permanently to the land, and, in the absence of express words to the contrary, are a part of it. Though a tent may be used as a dwelling-house, it cannot be said, as matter of law, that it is one, much less that it is a part of the soil where it is pitched, and so real estate.

One tenant in common of a personal chattel cannot maintain trespass against his cotenant for taking away the chattel, for possession of one is the possession of both, and each has an equal right to take and retain possession. 1 Ch. Pl. (7th ed.) 91; *Carr* v. *Dodge*, 40 N. H. 403. The plaintiff being in possession of the tent, or of a room in the tent, thereby may have had possession of the land upon which it stood, and might maintain trespass *quare clausum* against a mere intruder, or one not having a better title. But there was no averment in the declaration that the plaintiff's room in the tent which the defendant broke and entered was real estate, nor of facts which in law would make it real estate. As trespass *quare clausum* can only be maintained for breaking and entering real estate, other matters alleged and relied on not being in inception, but in aggravation, neither on the first count in the declaration, nor on the undisputed facts stated to support it, can the action be maintained. There is a second count in trespass for assault and battery, to which the reasons that are fatal to the action upon the first count do not apply, and the motion for a nonsuit was properly denied.

II. The second brief statement of the defendant, which contained the defence of arbitration, award, and performance, was rejected on the ground that the matters in controversy in this suit were not submitted to arbitration and considered by the arbitrators. In the construction of a written submission and award at common law, the question whether certain items awarded were within the submission is a question of law, and in a suit upon the award it cannot be defeated by extrinsic evidence. *Truesdale* v. *Straw*, 58 N. H. 207, 217, 218, 219. And for equal reasons a submission and award pleaded in answer to a suit at law must be construed by the application of legal principles to the record.

The submission, which was formally set out in the brief statement, was of " all matters in controversy existing between us in relation to the Concord tent." The expulsion of the plaintiff and her goods from the tent, which is the matter complained of in this suit, was consequent upon the dispute about the plaintiff's title and amount of interest in the tent. The expulsion, which took place before the arbitration, was in fact a part of the dispute. It was a joinder of battle upon the issue in controversy, and, at the time of

the submission to arbitration, was as much a part of the whole controversy between these parties about the tent, as was the question of the plaintiff's interest in the tent, or the value of that interest. If the plaintiff made no claim before the arbitrators for damages, on account of wrongs to her person and goods, and offered no evidence on the subject, it cannot be presumed to have been through the fault of the defendant or arbitrators, nor that the plaintiff did not have opportunity to present and have considered all claims connected with and growing out of the controversy. Neither the accidents or mistakes of the plaintiff, nor the misconduct of the arbitrators, can be inquired into when determining the sufficiency of the plea of arbitration and award ; but these may be the grounds for a suit in equity to set aside the award (*Fletcher* v. *Hubbard*, 43 N. H. 58, *Elkins* v. *Page*, 45 N. H. 310, *Truesdale* v. *Straw*, 58 N. H. 207, 220, 221), and the plaintiff cannot be heard to object to the results of her own negligence.

The objection that the arbitrators, in awarding the defendant to pay the plaintiff a certain sum of money, and the plaintiff to execute to the defendant a bill of sale of her interest in the tent and immediately quit it, and the controversy there to cease, exceeded their powers, is an objection to their adjustment of the controversy on equitable principles. The submission of the parties was, that the arbitrators " should adjudicate and equitably adjust " the quarrel. Under it they were not bound by the technical rules of law, but were called upon to do justice between the parties, not merely to determine their personal and property rights in the subject-matter submitted, but also to see that those rights were established and the controversy terminated. The submission was a friendly one, in the interests of peace and the good order and harmony of a religious society, and an award setting forth the rights and interests of the parties in the tent, with no partition or wall, would have left them in the same quarrelsome attitude, the controversy unsettled, and the objects of the arbitration defeated. The provision for the sale of the interest of one party to the other, and for that party's quitting the tent, was not only a reasonable exercise of the powers of the arbitrators under the submission, but actually necessary to make their adjudication effective, and put an end to an annoying, mischievous, and peace-disturbing strife. The plaintiff not only agreed that the arbitrators should " adjudicate and equitably adjust " the differences between the parties, but also that the award should be final and binding on them, " without any appeal," and especially agreed to submit to the decision. The defendant having performed his part of the award in good faith, it remained for the plaintiff " especially to submit to the decision," and " without any appeal."

Voluntary submission to arbitration of every sort of dispute and controversy has always been favored by the law of all jurisdictions, as a mode at once simple, free from the intricacies, delay, and

expense of technical litigation, affording the parties a tribunal of their own choosing, and tending to bring disturbing quarrels and controversies to a speedy termination. That such arbitration may be effective and accomplish its beneficent purpose, awards at common law have always been held conclusive upon the parties as judgments. Whatever was intended to be settled by the submission and award in this case, whatever was fairly included within their terms, was conclusively settled, as if by a judgment of the highest court. Any other result would leave honest and peace-loving men without any means of settling their troubles by any arbitration of their own. If the submission and award in this case did not mean a final pacification on all points of controversy and claim of wrong in any way connected with the dispute about the tent, then that great company of religious people annually gathered for grove worship were powerless to make such pacification by a voluntary arbitration among themselves,—powerless to put in practice the spirit and theory of their religion upon a subject of the greatest importance.

The brief statement contained a sufficient defence to the action, and was erroneously dismissed. The judgment before rendered is vacated, and the

*Verdict set aside.*

SMITH and CLARK, JJ., did not sit: the others concurred.