## FORD *v.* BURLEIGH.

As a basis of proceedings in equity, the settlement of a disputed right by arbitration is equivalent to a judgment in a suit at law.

When parties submit certain matters in controversy to arbitrators to be appointed by a committee of an association, the award is not invalidated by an error in a notice of their appointment, given to the arbitrators by a clerk of the committee, the error having no legal or actual effect upon the arbitration or the rights of the parties.

In a submission to arbitration of all matters in controversy in relation to a building, authority to assign to one of the parties the other's interest in the building for a certain consideration to be paid, though not conferred in express terms, may be inferred from the general object of the parties apparent in the submission.

Constant disorder, caused by the continual attempt of a trespasser to take and hold possession of a tent in a camp-meeting, may be an evil for which an action at law for damages is not an adequate remedy, and for which an injunction is necessary.

BILL IN EQUITY. The defendant demurs generally and specially. The substance of the bill is: Before the summer of 1873, the plaintiff, the defendant, and other persons, owned in common, but with unequal interests, a building called the Concord tent, in Alton, situated upon Alton Bay camp-meeting ground. The land belonged to the Boston & Maine Railroad. The tent was erected with the consent of the railroad, but under no written authority or license, and was subject, like all other tents on the same ground, to the rules of the Alton Bay Camp-Meeting Association. In the winter of 1873 the tent was crushed and destroyed by snow, and became valueless and worthless for the purposes for which it was built. The plaintiff, at the request of the association, at his own expense and with the assent of the railroad, rebuilt a tent on the same site, one story higher than the old one, and larger in other respects. The defendant, and all other owners of the old tent, refused to contribute anything towards the new tent; but the defendant claimed to own an interest in the new tent, and repeatedly occupied it against the plaintiff's remonstrance, and to the disturbance of those rightfully occupying it under the plaintiff.

August 29, 1876, the plaintiff and the defendant agreed in writing to submit "all matters in controversy existing between us in relation to the Concord tent, located   *   *   *, and we especially agree to submit this matter to any three persons the executive committee of Alton meeting may appoint, to adjudicate and equitably adjust the said differences that may exist between us, and the decision of said board of referees shall be final and binding upon

us, without any appeal, and especially agree to submit to their decision."

The executive committee appointed three referees, who heard the parties, and August 30, 1876, made this written award: "Mrs. Burleigh shall make out and execute a bill of sale of all her right, title, and interest in and to the Concord tent,—to wit, of fifteen shares of the stock,—and that said T. H. Ford shall pay her therefor the sum of $2 per share, and that, in addition thereto, said Ford shall pay said Mrs. Burleigh the sum of $1.90 ; and the board of referees further find that said Ford holds and controls all of the remaining shares making up the balance of the old stock ; and the board of referees further find that said Mrs. Burleigh shall immediately quit the Concord tent in a quiet manner, and that all parties shall not further trouble the matter by discussion."

The plaintiff immediately complied with the award, and tendered to the defendant $31.90, which she refused to accept. The defendant refused in every particular to comply with the award, and continued to occupy the tent every year during the meetings of the association, greatly to the disturbance of the plaintiff and persons rightfully there under his title. The defendant has rented parts of the tent, and the plaintiff's occupation has, by the defendant's conduct, become impossible without constant force and violence.

The plaintiff believes the defendant intends to continue her unlawful occupation, and he is entitled to protection in the quiet and peaceful enjoyment of his rights. Wherefore he prays for an injunction restraining her from any future occupancy of the tent, and from in any way molesting him in his occupation, and for general relief.

The court overruled the demurrer, and the defendant excepted.

*Norris & Rand*, for the defendant.

*Pike & Parsons*, for the plaintiff.

SMITH, J. Several technical objections are urged, in support of the demurrer, to defects in the bill, either because of the want of certain allegations, or because of the insufficiency of certain other allegations, which we have considered, but do not need to discuss, as none of them go to the merits of the case. If in any way material, they can readily be obviated by amendment. This part of the case will be disposed of at the trial term.

It is urged as a ground of demurrer that the plaintiff has an adequate remedy at law, and must first establish his right to the exclusive possession of the tent in such suit. A suit at law will not afford the remedy he seeks. It will not prevent the defendant from interfering with his quiet enjoyment of this property. A verdict and judgment, at most, will only compensate him in dam-

ages for such disturbance. The judgment will not necessarily prevent further interruptions, and will not obviate the necessity of bringing further suits, if the interruptions are continued. The award and tender establish the plaintiff's exclusive right to the control of the tent, and leave no disputed right to be settled. No resort to a suit at law is therefore necessary. The arbitration was a suit, and the award a judgment. *Truesdale* v. *Straw,* 58 N. H. 207. The plaintiff now seeks to restrain the defendant from further disturbing him in the occupation of the tent. The tent is personal property, of such a character, so situated, made for such uses, and its enjoyment as a place of worship so dependent upon peace, that equity will take jurisdiction. The constant disorder caused by the defendant's continual attempt, as a trespasser, to take and hold possession of the tent, like a wrongful attempt, by force, to take and hold possession of a pew during divine service in a church, requires an injunction, because it is an evil for which an action at law for damages is not an adequate remedy. The tent was dedicated to religious worship, and the plaintiff has the right to its quiet enjoyment and use for that purpose without disturbance. It is practically valueless for any other purpose. His constitutional right of worship may be very inadequately maintained by suits at law, without any equitable process for preventing its violation. *State* v. *Cate,* 58 N. H. 240.

It is alleged in the bill that the parties agreed in writing to submit all matters in controversy in regard to the tent to any three persons whom the executive committee of the camp-meeting association might appoint " to adjudicate and equitably adjust the said differences," &c.; that the committee thereupon appointed three persons as arbitrators, and caused their clerk to notify them that they had been appointed "to adjudicate and settle all matters existing between the parties." It is objected that the arbitrators were not properly notified of their appointment, nor correctly notified of the matters submitted to them. It is immaterial by whom or in what form they were notified of their appointment. The notice was broader than the submission, but it had no legal or actual effect upon the arbitration, or the rights of the parties. The duty devolved upon the committee was to appoint the arbitrators. It is not claimed that the appointment was not properly made. The power to appoint they did not delegate. Notice to the appointees they themselves might give, or cause to be given through their official organ. The authority of the arbitrators came from the submission, where the matters submitted are defined, and not from the letter of the committee's clerk. Besides, if there had been any valid objection by reason of the discrepancy between the language of the submission and that of the letter, it would have been cured by going on with the hearing without objection.

Did the arbitrators exceed their authority? All matters in controversy between the parties in relation to the Concord tent were

submitted to the arbitrators, who were authorized " to adjudicate and equitably adjust said differences." The award provided that the defendant should execute to the plaintiff a bill of sale of all her right, title, and interest in the tent, which was fifteen shares; that the plaintiff should pay her the sum of $2 per share therefor, and the further sum of $1.90. "And the board of referees further find that said Ford holds and controls all the remaining shares, making up the balance of the old stock. And the board of referees further find that said Mrs. Burleigh shall immediately quit the Concord tent in a quiet manner, and that all parties shall not further trouble the matter by discussion."

The arbitrators had power to require the defendant to sell her shares to the plaintiff. Her property in the tent passed to him by virtue of the award and tender, and the requirement that she should execute a bill of sale was unnecessary. No deed or memorandum in writing was necessary to pass the title. If it were real estate, the defendant could not dispute the title established by the award. *Girdler* v. *Carter*, 47 N. H. 305, 308, and authorities cited. Awards are construed liberally and favorably, and a reasonable degree of certainty only is required, every reasonable intendment being made in their support. The intentions of the parties and of the arbitrators are the real objects to be considered. So far as the intention of arbitrators carries out and accomplishes the intention of parties as shown in the contract of submission, it is sustained just as contracts in general are sustained. *Truesdale* v. *Straw*, 58 N. H. 207, 216, and authorities cited. These familiar principles apply to the case in hand. All matters in controversy between the parties in relation to the tent were submitted. What matters were in controversy do not appear from the submission itself. It therefore furnishes no evidence that the arbitrators exceeded their authority. *Furber* v. *Chamberlain*, 29 N. H. 405.

It is objected that the bill does not allege what matters were considered by the referees, nor whether they considered only the matters embraced in the submission, nor that any condition of things was a matter in controversy between the parties in relation to the tent, nor that such alone were taken into consideration by the referees, nor that the matter of the purchase and sale of the defendant's interest in the tent was a matter in controversy, nor that partition could not be made without prejudice or inconvenience, and, further, that the award does not show what matters were considered by the referees. We have not been cited to any authorities in support of these positions. Arbitrators are presumed to have pursued the submission, until the contrary appears. *Parsons* v. *Aldrich*, 6 N. H. 264. The plaintiff is not required to allege what he is not required to prove. He alleges a submission of all matters in dispute in relation to the tent, and an award by virtue of such submission. It nowhere appears that the matters included in the award were not matters in controversy between

the parties in relation to the tent. The presumption being that the arbitrators pursued the submission, we cannot say that the parties did not submit, in addition to the question whether the defendant had any interest, and if so, how much, in the tent, also the other questions, whether in the equitable adjudication and adjustment of the controversy the defendant should convey her shares in, or right to, the original tent to the plaintiff for a consideration to be determined for the same, and that the defendant should abandon the tent to the plaintiff's exclusive occupancy. The terms of submission are general, and embrace all matters in controversy in relation to the tent. They show an intention to authorize any equitable adjustment of those matters that in the judgment of the committee would promote the peaceful and religious purpose of the parties in attending the camp-meeting. And the committee might think the accomplishment of that purpose required a dissolution of their common ownership and occupation of the tent. The submission authorized the transfer to either of them of the other's interest in the tent, for a suitable consideration. *Burleigh* v. *Ford*, 59 N. H. 536, 540; *Penniman* v. *Rodman*, 13 Met. 382; *Jones* v. *Boston Mill Corp.*, 4 Pick. 507; *Scott* v. *Perley*, 98 Mass. 511; *Sellick* v. *Addams*, 15 Johns. 197; *Marks* v. *Marriot*, 1 Ld. Raym. 114; *Girdler* v. *Carter*, 47 N. H. 305.

When the technical objections are disposed of by amendment or otherwise at the trial term, the exceptions will be overruled. The money which, by the award, the plaintiff was to pay to the defendant, should be deposited with the clerk for her.

DOE, C. J., and CLARK, J., did not sit: the others concurred.