PERKINS *v.* FOYE.

As a general rule, to authorize the interposition of equity by injunction, it must appear that there is danger of irreparable mischief, that the plaintiff has not an adequate remedy at law, and the right supposed to be invaded must have been established at law, admitted by the defendant, or long exercised by the plaintiff

BILL IN EQUITY, alleging the right of the plaintiff to draw water for the use of his mill from the defendant's reservoir, and praying for an injunction to restrain the defendant from interference. The plaintiff's right to the water was disputed.

*W. H. Dodge*, for the plaintiff.

*T. J. Smith* and *Kivel*, for the defendant.

CLARK, J. It is a general rule, that equity will interfere by injunction only in cases of an admitted or legally adjudged right in the plaintiff, admitted or legally adjudged to be infringed by the defendant. The existence of the right, and the fact of its infringement, if disputed, must be tried in a court of law. Ad. Eq. 217. To this rule some exceptions are allowed, arising in cases of pressing necessity, when it clearly appears that no adequate remedy at law exists, and that irreparable and permanent injury must result unless the summary process by injunction is interposed. But to authorize the interposition of equity in such a case, the mischief must be imminent, the remedy at law clearly inadequate to afford redress, and the right supposed to be invaded must be clear or long enjoyed by the plaintiff. Sto. Eq., *ss.* 925, 926, 927 ; *Webber* v. *Gage*, 39 N. H. 182; *Coe* v. *Lake Co.*, 37 N. H. 254 ; *Burnham* v. *Kempton*, 44 N. H. 78; *Lake Co.* v. *Worster*, 29 N. H. 433 ; *Jordan* v. *Woodward*, 38 Me. 423 ; *Morse* v. *Machias Water Power Co.*, 42 Me. 119; *Wason* v. *Sanborn*, 45 N. H. 169.

This case does not come within the recognized exceptions to the general rule. It does not appear that there is danger of irreparable mischief, nor that the plaintiff has not an adequate remedy at

law. The right which the plaintiff claims has been infringed has neither been established at law, admitted by the defendant, nor long exercised by the plaintiff, and it appears from the pleadings that the existence of the right is the sole matter in controversy between the parties. The determination of this question involves the title to real estate, and it is the right of the defendant to have the issue determined by a jury in an action at law.

*Bill dismissed.*

SMITH and BLODGETT, JJ., did not sit: the others concurred.