### BURLEIGH v. FORD.

In the absence of legal provisions to the contrary, official boards and legal bodies act by majorities, and the act of the majority is the act of such board or body. *Jewett* v. *Alton*, 7 N. H. 253, *contra*, overruled.

Where, by agreement of parties, matters between them are submitted to referees to be selected and appointed by the executive committee of an incorporated association, such selection and appointment may be made by a majority of the committee.

BILL IN EQUITY, to set aside an award of arbitrators. The opinion states the material facts.

*A. F. L. Norris*, for the plaintiff, cited *Grindley* v. *Barker*, 1 B. & P. 239; *Towne* v. *Jaquith*, 6 Mass. 50; *Woolsey* v. *Tompkins*, 23 Wend. 324; *Caldwell* v. *Harrison*, 11 Ala. 755; *Low* v. *Perkins*, 10 Vt. 532; *Johnston* v. *Bingham*, 9 W. & S. 56; *Johnson* v. *Smith*, 21 Conn. 627; *Green* v. *Miller*, 6 Johns. 39; *R. R. Co.* v. *Stewart*, 25 Iowa 115; *Bank* v. *Beirne*, 1 Grat. 226; *Bell* v. *Nixon*, 9 Bing. 393; *Kupfer* v. *So. Parish*, 12 Mass. 185; *First Parish* v. *Cole*, 3 Pick. 232; *Copeland* v. *Ins. Co.*, 6 Pick. 198; *Heard* v. *March*, 12 Cush. 580; Chitty Cont. (11th Am. ed.) 296; Story Agency, *s.* 42; *Jewett* v. *Alton*, 7 N. H. 253; *Andover* v. *Grafton*, 7 N. H. 298; *Eames* v. *Eames*, 41 N. H. 177.

*Pike & Parsons*, for the defendant, cited 2 Kent Com. 293; Green's Brices's *Ultra Vires* 542; *Rex* v. *Varlo*, 1 Cowp. 248; *Rex* v. *Miller*, 6 T. R. 268; *Ex parte Willcocks*, 7 Cow. 402; 1 Dill. Mun. Corp., *s.* 221; Ang. & A. Corp., *ss.* 502, 503; *Cram* v. *Bangor House*, 12 Me. 354; *Lockwood* v. *Mech. Nat. Bank*, 9 R. I. 308; *Junkins* v. *School Dist.*, 39 Me. 220; *Kingsbury* v. *School Dist.*, 12

Met. 99; *Martin* v. *Lemon*, 26 Conn. 192; *Wolcott* v. *Wolcott*, 19 Vt. 37, 39; *Damon* v. *Granby*, 2 Pick. 345; *Keyser* v. *School Dist.*, 35 N. H. 477; *Edgerly* v. *Emerson*, 23 N. H. 555; *Jones* v. *Andover*, 9 Pick. 146; *King* v. *Beeston*, 3 T. R. 592.

BLODGETT, J.   The only question material to be considered is, whether the appointment of the referees was legally made.

It appears from the facts that the parties agreed to submit certain matters in controversy between them to any three persons whom the executive committee of the Alton Bay Camp-Meeting Association might appoint; that this committee consisted of seven members; that only six of them attended the meeting at which the referees were appointed, all of whom concurred in the appointment; and that the absent member was duly notified of the meeting.   Upon these facts the claim of the plaintiff is, "that the authority conferred by the agreement, not being for public purposes, but a matter of mere private confidence, it was imperatively necessary that all of the committee should have joined in exercising it," in accordance with the general rule of the common law, that where an authority is given to two or more persons to do an act, the act is valid to bind the principal only when all of them concur in doing it.   But the rule is not so rigid as to overcome the apparent intent of the parties, if the language used can fairly be so construed as to carry out their intention (Story Agency, *s.* 42); and it plainly can have no application in this case, not only because there is nothing whatever to indicate that the parties intended to make the seven persons constituting the committee their individual or joint agents, but by the terms of the agreement itself the power to appoint the arbitrators is expressly given to the committee as an official board.   The defendant had the right so to understand it, and the language used admits of no other reasonable construction.

It further appears that among the duties imposed upon the executive committee under the rules of the association were those of taking charge of the grounds, preserving order, and doing whatever they deemed necessary to promote the peace, harmony, and success of the meeting.   To amicably adjust the differences between these parties, which had arisen on the grounds while the camp-meeting of the association was in progress, was manifestly within the scope of their duties; and while they did not possess the power to compel the parties to resort to arbitration, yet when the power was voluntarily conferred by the parties, the appointment came before them properly, and was therefore to be acted upon in the same way that other legitimate business of the committee was transacted; and that such was the purpose of the parties is hardly an open question.   But however this may have been, it is found as a fact that a majority of the committee constituted a quorum for the transaction of business, and consequently the

arbitrators were legally appointed, both under the rules of the association and the written agreement of the parties themselves.

In opposition to this conclusion, the plaintiff relies mainly on *Jewett* v. *Alton*, 7 N. H. 253. The material facts of that case were, that the town, having purchased a farm on credit, instructed the selectmen by vote to give the notes of the town therefor, which was done. The notes were signed by only two of the three select-men, and were held to be invalid for that reason. But the decision was erroneous, not only because then as now a majority of the selectmen were by statute competent to act in all cases (Laws of 1830, *pp.* 453, 454, G. L., *c.* 40, *s.* 2), but because selectmen are and always have been public officers with duties prescribed by law; and the well settled rule is, that where a body or board of officers is constituted by law to perform a trust for the public, or to execute a power, or perform a duty prescribed by law, it is not necessary that all should concur in the act done;—the act of the majority is the act of the body. *Perley*, C. J., in *Keyser* v. *School District*, 35 N. H. 480, 481; *Sprague* v. *Bailey*, 19 Pick. 436; *Williams* v. *School Dist.*, 21 Pick. 75; *Reynolds* v. *New Salem*, 6 Met. 340–343; *Worcester* v. *R. R. Com'rs*, 113 Mass. 161. Then, again, the vote conferred no authority upon the selectmen which they did not before possess. The town had contracted a debt which it was the legal duty of the selectmen, as managers of the prudential and financial affairs of the town, to pay, or give a suitable acknowledgment of it in the form of a promissory note. *Andover* v. *Grafton*, 7 N. H. 298; *Bank* v. *Farmington*, 41 N. H. 32; *Rich* v. *Errol*, 51 N. H. 350. "And in all cases where anything by law is enjoined to be done by the selectmen of any town or place, it shall be sufficient if done by the major part of such selectmen." Laws of 1830, *supra.*

The conclusion of the court in *Jewett* v. *Alton* as to the validity of the notes was incorrect, and to this extent that case is overruled.

*Bill dismissed.*

STANLEY and CLARK, JJ., did not sit: the others concurred.