FORD *v.* BURLEIGH.

SAME *v.* SAME.

A wooden tent erected by one person upon land of another, under a parol license, is a chattel; and an action of trespass against a third person for injury to the building is transitory, and may be brought in the county in which either of the parties resides.

In a submission by B. and F. to arbitration of all matters in controversy in relation to a tent in a camp-meeting, the arbitrators awarded that B. execute a bill of sale of all her right, title, and interest in and to the tent, "to wit, fifteen shares of the stock," and that F. pay to B. therefor the sum of $2 per share, and $1.90. B. represented at the hearing that she owned and controlled fifteen shares. F. complied with the award on his part by tendering to B. $31.90, which she refused to accept. B., in fact, at the time of the hearing owned but eight shares, and controlled none. After the award she purchased three of the seven shares she claimed at the hearing to control, and claimed to own the tent in common with F., and the right to occupy a portion of it. *Held*, that B. is estopped, as against F., to claim to be the owner of the three shares so purchased, or to claim to own, or the right to occupy, the tent in common with F.

THE FIRST CASE is trespass for breaking and entering the Concord tent, being the plaintiff's personal estate on the camp-meeting ground in Alton, and for breaking doors to rooms, and removing partitions to passage-ways in the tent.

The defendant moved to dismiss the action on the ground that it was trespass *qu. cl.* to real estate in Belknap county, and being local was brought in the wrong county; also, because in form and substance the action is trespass *qu. cl.* to personal estate, and that such an action cannot be maintained. The Concord tent is a

building on land of the Boston & Maine Railroad, in Alton, occupied and controlled by the Alton Bay Camp-Meeting Association, and was erected by license from the association. The court treated the declaration as one in trespass for forcibly and wrongfully taking possession of and injuring the plaintiff's chattel, and overruled the motion to dismiss, and the defendant excepted. Plea, the general issue, with a brief statement that the defendant was a tenant in common with the plaintiff and others of the tent. Facts found by the court.

Originally, the tent was a one-story building on the campground, having one room for an audience- or sitting-room, with a chamber over it used for a sleeping-room, and a small room in an L used as a kitchen. The plaintiff, defendant, and several others living in or near Concord, purchased the building, divided it into fifty shares, and called it the Concord tent. In the winter of 1872–3 the roof and upper part of the building were crushed by snow. The plaintiff, the following summer, reconstructed the building, added a story, finished in it ten rooms, made a room over the kitchen, put on a new roof, and made the walls new above the lower story. The walls of the lower story, which had been to some extent broken by the falling of the roof and upper floor, were repaired. Neither the defendant, nor any others of those owning shares in the tent with the plaintiff, contributed anything toward the plaintiff's expense in reconstructing and making additions to the tent.

After the additions had been made, the defendant persisted in occupying rooms in the new part, against the consent of the plaintiff, claiming a right to do so. The controversy about her right to occupy the tent and her property interest in it, and all matters between the parties relating to the tent, were, in August, 1876, submitted in writing to arbitrators, who, after hearing the parties, awarded that the defendant owned or controlled fifteen shares in the tent, and that the plaintiff owned or controlled the remainder, or thirty-five shares, and that he should pay her $30, being $2 a share for her interest, and $1.90, and that she should quitclaim to the plaintiff all her interest in the tent, and quit it, and that the controversy about the tent should cease. The plaintiff tendered to the defendant $31.90, and on his part performed the award; but the defendant refused to convey her interest to the plaintiff, or in any way to comply with the award, but occupied or tried to occupy the tent as before. The submission and award are the same referred to in *Burleigh* v. *Ford*, 61 N. H. 360, and with that case and decision may be referred to.

After the award was made the defendant purchased of different individuals three of the old shares of stock in the tent,—one on the day the award was published, August 30, 1876, one February 19, 1877, and one August 28, 1878. These three shares were no part of the thirty-five shares found by the arbitrators to be owned

and controlled by the plaintiff. At the time of the award the defendant, in fact, controlled no shares which she did not then own, and owned only eight shares, two of the shares which the arbitrators awarded that she owned being two of those which the plaintiff owned, and were awarded to him. There were seven shares which neither of the parties owned or controlled, three of which the defendant purchased, as above stated. No one of those who sold the three shares to the defendant ever contributed anything to the plaintiff's expense in reconstructing the tent. Neither of them ever claimed to own any interest in the additions made by the plaintiff, nor to occupy any part of the tent. Neither the defendant, nor any one of those of whom she purchased the three shares, had any title or interest in any part of the tent included within the additions made by the plaintiff, unless on the facts stated it shall be held as matter of law they had such title or interest.

About August 22, 1878, without license or permission from the plaintiff, the defendant went into the tent, broke down a partition, broke open one of the rooms by breaking the lock, and occupied some of the rooms, depriving the plaintiff of the use of them.

The court found the defendant guilty, and assessed damages at $10, and the defendant excepted. Judgment is to be ordered for the plaintiff or the defendant, according as the whole court may find that the action can be maintained or not on the foregoing facts.

THE SECOND CASE is a bill in equity to restrain the defendant from occupying or interfering with the plaintiff's occupation of the Concord tent. The facts found and the law decided in *Burleigh* v. *Ford*, 61 N. H. 360, and the facts found in the trespass suit, are the facts governing this case. The court ordered the injunction as prayed for, and the defendant excepted.

*E. A. Hibbard* and *A. F. L. Norris*, for the defendant.

*Pike & Parsons*, for the plaintiff.

SMITH, J. The question is not whether the plaintiff might have maintained trespass *qu. cl.*, but whether he can maintain trespass in this county for taking possession of and injuring his building situated in Belknap county. The declaration is for trespass to a chattel, and alleges that the defendant "with force and arms broke and entered the Concord tent, being the personal estate of the plaintiff, situate in Alton in our county of Belknap, on the camp-meeting ground, so called, and then and there, with force and arms, broke and entered the rooms, apartments . . . in said Concord tent," &c. Whether the ancient reason for the distinction between transitory and local actions has not to some

extent ceased it is unnecessary to inquire, for it cannot be denied that the law has settled the distinction, and that the action trespass *qu. cl.* is local. *Doulson* v. *Matthews,* 4 T. R. 503. But in this case the building, having been erected by one person upon land of another under a parol license, is personal property (*Dame* v. *Dame,* 38 N. H. 429, and authorities cited); and the action being for injury to a chattel, is transitory and not local. *Burleigh* v. *Ford,* 59 N. H. 536; *Laird* v. *Railroad,* 62 N. H. 254.

The award was as follows: "Mrs. Burleigh shall make out and execute a bill of sale of all her right, title, and interest in and to the Concord tent,—to wit, fifteen shares of the stock,—and that said T. H. Ford shall pay her therefor the sum of $2 per share, and that, in addition thereto, said Ford shall pay said Mrs. Burleigh the sum of $1.90; and the board of referees further find that said Ford holds and controls all of the remaining shares making up the balance of the old-stock; and the board of referees further find that said Mrs. Burleigh shall immediately quit the Concord tent in a quiet manner, and that all parties shall not further trouble the matter by discussion." In a former suit between these parties it was held that the award did not exceed the submission. *Ford* v. *Burleigh,* 60 N. H. 278. The award is equivalent to a finding that the plaintiff owned thirty-five shares and the defendant fifteen. It is conceded that the defendant claimed at the hearing to own ten shares and control five. It is apparent the arbitrators considered that the defendant's interest in the shares controlled by her was equivalent to that of ownership, for by the award the plaintiff is required to pay the same price for the shares which she controlled as for those which she owned. To hold that her interest in the five shares was of less value to her than her interest in an equal number of the ten would defeat the plain intent of the arbitrators,—that the tent should become the exclusive property of the plaintiff upon payment of the sum of $31.90. This intent further appears from the subsequent portion of the award, that the defendant should execute a bill of sale to the plaintiff of all her interest in the tent, and quit it, and that the controversy about it should cease. The award, then, is as if the arbitrators had found that the plaintiff owned thirty-five shares and the defendant fifteen. Indeed, there is nothing said in the award about her controlling any shares. It requires her to "execute a bill of sale of all her right, title, and interest in and to the Concord tent,—to wit, fifteen shares of the stock." The award being a judgment, and conclusive between the parties, the defendant is precluded from contradicting the award, and estopped to deny that she was the owner of fifteen shares. *Truesdale* v. *Straw,* 58 N. H. 207, 218, 219; *Shelling* v. *Farmer,* 1 Str. 646 (A. D. 1726).

The parties are equally bound by it. The plaintiff was bound to pay, and could have been compelled to pay, the sum of $2 per share for the defendant's fifteen shares, whether owned or con-

trolled by her, without further inquiry into the question of owner-ship or title. The parties had litigated that question before a tribunal of their own choosing, and it was no longer an open question between them. On the other hand, upon the tender by the plaintiff of the sum of $31.90 to the defendant, the arbitration and award vested the title to the defendant's interest and property in the tent in the plaintiff. The requirement that she should execute a bill of sale was unnecessary. The tent being personal property, no deed or memorandum in writing was necessary to pass the title (*Ford* v. *Burleigh*, 60 N. H. 278); and if it had been real estate, she would be estopped to dispute the title established by the award. *Girdler* v. *Carter*, 47 N. H. 305, 308, and authorities cited.

Since the award was published it appears that the defendant has purchased three of the original shares. The doubt which at first existed, whether these three shares were a part of the thirty-five shares found by the award to be owned and controlled by the plaintiff, is removed by the amended case, which shows that at the time of the hearing and award the defendant in fact owned but eight shares, and controlled none; that there were seven shares which neither the plaintiff nor the defendant owned or controlled; and that the three shares purchased by the defendant after the hearing were three of the seven shares owned by others. The only fact important to know is, whether the three shares were part of the plaintiff's thirty-five, and it is immaterial whether the defendant did or did not own or control them at the time of the hearing, for it appears from the case reserved at the October term, 1881, and made a part of this case by reference (reported in 61 N. H. 360), that at the hearing she claimed to own and control fifteen shares. She is therefore doubly estopped to deny that she did not own and control so many shares, first, because she so claimed at the hearing, and, second, by the award, which she cannot contradict until it is impeached. Her representations gave the arbitrators jurisdiction, as to her, of the fifteen shares. The plaintiff, relying upon these representations and upon the award, complied with it on his part. A grantor of land with covenants of seizin is estopped to set up an after acquired title to the same land as against his grantee. Upon the same principle the defendant is estopped to claim, as against the plaintiff, title by subsequent purchase of shares which she claimed to own at the hearing, and which, by the award and tender, as against the defendant, became the property of the plaintiff.

The plaintiff is entitled to judgment on the verdict in the first suit, and to the injunction prayed for in the second suit.

*Exceptions sustained.*

ALLEN and CLARK, JJ., did not sit: the others concurred.