FISHER v. CARPENTER & a.

FISHER v. CARPENTER.

An agreement of adjacent owners determining their boundary line may be inferred from the maintenance of fences, occupation, and acquiescence.

The statute giving the court discretion as to the allowance of costs (P. S., c. 229, s. 3) is applicable to an action of trespass *qu. cl.*, in which the title to real estate is in question.

A court of equity will not enjoin against an ordinary trespass, for which there is a full and adequate remedy at law.

* See foot-note on page 80.

THE FIRST CASE is TRESPASS, *qu. cl.*, for breaking and entering the plaintiff's close in Woodstock; and THE SECOND CASE is a BILL IN EQUITY, for an injunction to restrain the defendant from continuing the trespasses complained of in the first case, and from constructing a roadway over the plaintiff's close. Trial by the court. The court found that a line between the parties, which was formerly a range line, had by agreement of their predecessors in title been shifted from the true position of the range line, and that another divisional line between them had likewise been shifted by agreement from its former position, each agreement being shown by the maintenance of fences, and by occupation and acquiescence for a long time, but not by any direct evidence showing when or by whom the agreement was made. Under these findings, the place of the alleged trespasses was on the plaintiff's land. The court accordingly found for the plaintiff in the action of trespass, assessed his damages at ten cents, and limited his costs to ten cents, but, at the plaintiff's request, reserved the question of discretion as to the limitation of costs, provided the court at the law term would consider it. The disposition of the equity case was left for the court at the law term, with the finding quoted in the opinion as to the threatened damage.

*Burleigh & Adams*, for the plaintiff.

*E. A. & C. B. Hibbard*, for the defendants.

BLODGETT, J. In the suit for trespass it cannot properly be said, as matter of law, that upon the facts and evidence reported it was not competent for the trial justice to find both an agreed range line and an agreed divisional line between the parties. There was clearly evidence which might warrant the findings, and no question of law is presented by an exception to its weight.

The limitation of the plaintiff's costs to the amount of his damages (ten cents) was not erroneous. "In this state it is within the discretion of the court to limit the costs of the prevailing party, or to refuse to allow any costs to him, except in cases where the statutes have specially provided otherwise." *Smith* v. *Boynton*, 44 N. H. 529, 530, and authorities cited. There is no statute applicable to this case which so provides : on the contrary, there is a statute which expressly provides that "In all actions or petitions in the supreme court, costs . . . may be limited . . . as the court may deem just." P. S., *c.* 229, *s.* 3.

The bill in equity is dismissed. Nothing appears to justify the issuing of an injunction. The finding is, that "If the defendant's roadway should be completed as proposed, the damage to the plaintiff for the few feet it would occupy on his extreme southeast corner would be insignificant, and the picturesque features

of his premises would not be marred thereby as alleged in the bill, but, on the contrary, would rather be enhanced." At most, only a case of ordinary trespass is presented, for which there is a full and adequate remedy at law. *Hunter* v. *Carroll*, 64 N. H. 572; *Perkins* v. *Foye*, 60 N. H. 496 ; *Morgan* v. *Palmer*, 48 N. H. 336, 338.

*Case discharged.*

SMITH, J., did not sit: the others concurred.