Strafford,  }
April 4, 1916.  }

### Charles H. Foss *v.* Alvan P. Place & a.

Where the mayor of a city has adequate power to prevent the misapplication of the city's funds on the part of other officials by refusing to draw his warrant therefor, he cannot maintain a bill in equity to enjoin such misappropriation.

Bill in Equity, by the plaintiff individually as a taxpayer and officially as the mayor of Dover against the police commissioners and the chief of police of the city, to restrain the defendants from seeking to appropriate the funds of the city to the payment for an automobile patrol wagon.    The defendants purchased the wagon intending to use the city's money in payment therefor.    The question transferred without a ruling by *Sawyer*, J., from the September term, 1914, of the superior court relates to the legal right of the defendants to purchase the wagon for the city or on its credit.    The ordinances of the city provide that no money shall be drawn out of the city treasury except upon the written order of the mayor.    It is unnecessary to report other facts in view of the opinion.

*James B. Adams*, city solicitor, and *Hughes & Doe*, for the plaintiff.

*James McCabe* and *F. Clyde Keefe*, for the defendants.

WALKER, J.    So far as appears from the case the plaintiff is not entitled to relief in equity.    If the defendants had no authority to purchase the automobile for the use of the police department of Dover or to pledge the credit of the city to pay for it, the plaintiff as the mayor of the city and as its representative has the power

under the city ordinances to refuse to draw his warrant for the payment for the machine. His injunctive power is adequate to prevent the application of the public funds to this purpose, until the right of the defendants to reimbursement is established by appropriate proceedings at law. No irreparable injury will result. *Perkins* v. *Foye*, 60 N. H. 496; *Williams* v. *Mathewson*, 73 N. H. 244; *Claremont* v. *Rand*, 76 N. H. 116. Under these circumstances it is not advisable to consider at this time the question argued by counsel. No reason appears why the bill should not be dismissed.

*Case discharged.*

All concurred.