Strafford,  }
Dec. 4, 1917. }

PETER J. McSHANE v. DOVER.

One who sells property to the officials of a city for its use cannot recover of the city therefor, if the only conclusion from the evidence is that they pledged their own and not the city's credit.

ASSUMPSIT, for the price of an automobile patrol wagon. Trial and facts found by the court. The negotiations for the purchase of

---

*NOTE. January 14, 1918, application was made to the chief justice to fill by appointment a vacancy in a board of trustees created by Mary Baker G. Eddy by her deed of trust dated February 25, 1907.

The fifth article of the trust deed was as follows: "Fifth: in case of a vacancy in said Board of Trustees caused by death, refusal to act, or resignation of any of them, or for any other reason, a new trustee or trustees shall be appointed by the chief justice of the supreme court for the time being, preference being given to the nomination of the remaining trustee or trustees."

The chief justice declined to make the appointment, referring the applicants to this decision and to P. S., c. 198, s. 14.—REPORTER.

the wagon from the plaintiff were made by the police commissioners of the defendant city. The commissioners having applied to the city government for a special appropriation to purchase a patrol wagon, which was voted down, purchased the automobile from the plaintiff and received a delivery of it acting in their official capacity, but they arranged to pay for the same by contributing from their salaries and the pay of the patrolmen. They acted in good faith, and supposed they were benefiting the city. They did not specifically and in terms purchase the wagon upon the credit of the city, and the plaintiff made no memorandum charging the defendant for it. If on these facts the plaintiff is entitled to recover, there is to be judgment in his favor; otherwise there is to be judgment for the defendant. Transferred from the February term, 1917, of the superior court by *Chamberlin*, C. J.

*F. Clyde Keefe* and *James H. McCabe* (*Mr. Keefe* orally), for the plaintiff.

*Everett J. Galloway*, (by brief and orally), for the defendant.

WALKER, J. It does not appear from the reported facts that the plaintiff and the city entered into a contract for the sale, on the one hand, and for the purchase on the other, of the patrol wagon, for which the plaintiff seeks to recover. There is no finding that the plaintiff understood he was contracting with the city or with officials whom he assumed had authority to act for the city in the premises and to pledge its credit for the wagon. He did not charge the price to the city, and no evidence is apparent from which it could be found that he intended to look to the city for his pay. Nor did the commissioners in their negotiations with the plaintiff specifically purchase the wagon on the credit of the city; and the fact that before the purchase was made, and after the refusal of the city to appropriate money for the wagon, they arranged or agreed to pay the plaintiff for it by contributing certain sums from their salaries and from the salaries of the patrolmen, is inconsistent with the theory, now relied upon, that they understood they bought it on the credit of the city. The only conclusion is that they pledged their own credit and not that of the city. As neither party to the negotiations intended when the supposed contract was made and as a part of it, to charge the expense to the city, the plaintiff cannot recover in this action. The fact that the commissioners were acting in their official capacity

is not sufficient to charge the city with this expense when it appears that they and the plaintiff had no such intention, even if it is assumed they had the power to do so. Whether they had such power, is a question it is unnecessary to decide.

Upon the facts as presented, the plaintiff is not entitled to recover, and in accordance with the provision of the case there must be

*Judgment for the defendant.*

All concurred.