Strafford,  }
May 2, 1922. }

### Peter J. McShane v. Dover.

The police department of Dover may within the limits of their appropriation pledge the credit of the city for the hire of an automobile for reasonable use in the business of the department.
A municipality has power to pay what it equitably owes.

Assumpsit, for use of an automobile and the services of the driver from May, 1914, to September, 1915. Facts agreed. For some months prior to May, 1914, the police commissioners of the city had under consideration the purchase of a patrol wagon for the use of the police department of the city, and seasonably requested the finance committee of the city councils for a special appropriation for that purpose. This, the finance committee refused to recommend, and no such appropriation for the use of the police department was made. After this, the police commissioners, knowing the city had refused to make an appropriation for the purchase of a patrol wagon, bought the automobile of the plaintiff, and accepted a delivery of it on the part of the city so far as they could legally do so, expecting to pay for it by contributions from their own salaries and the pay of the patrol men.

After delivery, the police department used the automobile in their business.

The plaintiff maintained a public garage where the automobile was kept and when called on by the police department, one of his men would make the trip with the machine. The trips were those

usual for the police department of the city to make, and consisted in the conveyance and pursuit of criminals, the conveyance of police officers in criminal investigations and the like. The trips were made upon summons from members of the police force in accordance with authority given by the police commission of the city. Such services had customarily been obtained in this way. Before the automobile was used, a wagon was procured and paid for by the city marshal from the regular appropriation. At the time the services were rendered, funds were on hand appropriated by the city councils for the general expenses of the police department.

June 6, 1914, the mayor obtained a temporary injunction restraining the police commissioners from using or expending any money or funds of the city to pay the purchase price or for the maintenance, use and operation of the patrol wagon; which injunction was subsequently dissolved. *Foss* v. *Place*, 78 N. H. 147. The plaintiff then brought an action against the city of Dover for the purchase price of the patrol wagon, which resulted in a judgment for the defendant. *McShane* v. *Dover*, 78 N. H. 507.

If the police commissioners or members of the police department had authority to obtain the services sued for at the expense of the city, the value of the same is to be determined by further trial, otherwise there is to be a verdict for the defendant.

Transferred by *Branch*, J., without a ruling from the September term, 1921, of the superior court.

*Hughes & Doe* (*Mr. Doe* orally), for the plaintiff.

*Everett J. Galloway* (by brief and orally), for the defendant.

Parsons, C. J. By the agreement of the parties, a narrow question only is presented. Had the police commissioners or the members of the police department authority to obtain the service sued for at the expense of the city? The only inference possible from the agreed facts as to the making of annual appropriations for the department and the use of the same for ordinary expenses is that the city represented the officials of the department as authorized, under such rules as might be established by the police commissioners, to pledge the credit of the city for the ordinary expenses of the department to the extent at least of the appropriations made for such purposes by the city councils. Laws 1903, *c.* 189, *s.* 7; Laws 1913, *c.* 148, *s.* 7; *Pollard Auto Co.* v. *Nashua, ante,* 233; *Smith* v. *Bank,* 72 N. H. 4, 8; *Hilliard*

v. *Goold*, 34 N. H. 230, 239. The substitution of gasoline for the horse as motive power for transportation had become such common practice that expenditure of the money appropriated for general purposes in the rent of the use of an automobile instead of a horse-drawn vehicle could not be considered so extraordinary as to call for a special appropriation for the purpose. The fact that the city councils did not consider it wise for the city to own and operate a gasoline-driven vehicle was not notice of a want of authority in the police officers temporarily to hire such a machine at the city's expense. The cases heretofore before the court have no relation to the question the court is now asked to decide. In *Foss* v. *Place*, 78 N. H. 147, the petition of the mayor of the city for an injunction to restrain the appropriation of the city funds for the purchase of an automobile was denied upon the ground that the mayor by virtue of his office possessed all the power necessary for the protection of the city treasury. McShane's suit against the city for the price of an automobile resulted in a judgment for the defendant on the ground that the automobile was neither bought nor sold on the credit of the city. *McShane* v. *Dover*, 78 N. H. 507. The sole question now submitted, whether the police department of the city could within the limits of their appropriation pledge the credit of the city for the hire of an automobile for reasonable use in the business of the department is answered in the affirmative.

Whether the police commissioners or the members of the police department did so in this case is a question not agreed, except by inference from the stipulation that if they had such power the case is to stand for trial to determine the value thereof. If the city has had the use of the plaintiff's automobile and the services of his driver, no equitable reason appears why it should not make payment. The city has power to pay what is equitably due even if some legal technicality stands in the way. *Clough* v. *Verrette*, 79 N. H. 356. There seems to be no occasion, as the facts are agreed, for the trial of any question except the value of the services sued for.

*Case discharged.*

All concurred.