Strafford,   }
Nov. 8, 1922. }

MORRIS SALGANIK *v.* UNITED STATES FIRE INSURANCE COMPANY.

UNITED STATES FIRE INSURANCE COMPANY *v.* MORRIS SALGANIK.

Under P. S., *c.* 170, *s.* 1, and Laws 1901, *c.* 78, the superior court has authority on petition of either party to appoint referees to find and report the loss sustained under a standard fire insurance policy, but the insured may elect to collect his damages in an action at law.

The insured is not entitled to a judgment against the insurer upon such a report; but in the suit to recover on the policy the report will be conclusive of the amount of the loss, if the appointment was in any way assented to by the parties to the policy.

A bill in equity does not lie for the cancelation of an insurance policy on the ground of fraud where the insurer has a plain adequate and complete remedy in a defence to an action at law upon the policy.

Where several actions at law are between the same parties, a bill in equity does not lie for the prevention of a multiplicity of suits if the actions can be consolidated and so tried as to litigate all proper issues.

PETITION, for the appointment of referees to adjust the loss under an insurance policy; and bill in equity by the insurer for its cancelation.

The petitioner, or plaintiff in the first action, after a loss by fire of property insured by the defendant upon a policy issued by it to the petitioner under the New Hampshire standard form of fire insurance policy, petitioned a justice of the superior court to appoint referees to adjust the loss, under a clause in the policy. Upon the petition three referees were appointed. A hearing was had by the referees at which the defendant appeared and participated. The referees after the hearing determined the amount of the loss sustained by the petitioner, and filed in court their report setting forth the same. The petitioner, thereupon, moved for judgment upon the report. The defendant objected to the motion, and the court made the following orders: "Defendant's motion denied. Plaintiff's motion granted. Judgment for petitioner on report." To these orders the defendant excepted. A bill of exceptions was allowed by *Kivel*, C. J., at the September term, 1921, of the superior court.

The second action is a bill in equity praying for the cancelation of the fire insurance policy above referred to.

The defendant moved to dismiss the bill because the plaintiff states no cause for equitable relief. The motion was granted and the plaintiff excepted.

A bill of exceptions was allowed by *Branch*, J., at the September term, 1921, of the superior court.

*Hughes & Doe* (*Mr. Doe* orally), for Morris Salganik.

*Henry D. Yeaton* and *Justin A. Emery* (*Mr. Yeaton* orally), for United States Fire Insurance Company.

PLUMMER, J. The bill in equity praying for the cancelation of the insurance policy will be first considered. The policy contained the following clause: "This policy shall be void . . . if the insured shall make any attempt to defraud the company, either before or after the loss."

The company in its bill alleges that the insured has falsely and fraudulently stated that he had goods and merchandise in the store at the time of the fire, which were not then there, and has demanded that the company pay him for the destruction of such property; that he has falsely and fraudulently claimed that the value of his fixtures, furniture and stock in trade in the store when the fire occurred, was at least twice their actual value, and has demanded payment of damages from the company upon that basis;

that he has concealed or destroyed his books and papers showing his stock in trade before the fire, for the purpose of aiding him to defraud the company.

These allegations of attempted fraud if proven would work a forfeiture of the policy under the clause above quoted. *Follett* v. *Insurance Co.,* 77 N. H. 457. The presiding justice found, without exception, that no question was raised as to the validity of the policy at the time it was executed, or at the time when the fire occurred, but the company sought to have the policy canceled by reason of attempted fraud after the loss. There would seem to be no occasion to invoke the equity power of the court for that purpose. The clause which the company is seeking to enforce is in effect a clause of forfeiture, and would be an irrefragable defence to an action at law upon the policy. In other words the company has a plain, adequate and complete remedy at law, and under such circumstances, a court of equity will not intervene. *Walker* v. *Walker,* 63 N. H. 321; *Fisher* v. *Carpenter,* 67 N. H. 569; *Davison* v. *Davison,* 71 N. H. 180; *Harvey* v. *Harvey,* 73 N. H. 106; *Claremont* v. *Rand,* 76 N. H. 116; *Foss* v. *Place,* 78 N. H. 147.

Furthermore, the trial court found that the equities of the case are against the enforcement of the forfeiture of the right of the insured claimed by the company. And it was, therefore, ordered that upon this ground the bill be dismissed. This finding of the court, to which no exception was taken, would warrant the dismissal of the bill. The company in an amendment to its bill states that a multiplicity of actions have been brought against it by the insured, and that in none of them can it litigate the issues it desires to try, and that it has no plain, adequate and complete remedy at law. So far as the multiplicity of suits is concerned, they are all between the same parties, and when the cases are tried they can be consolidated and tried together, if justice so requires. *Dartmouth College* v. *Cameron,* 77 N. H. 66. If the actions in their present form do not allow the company an opportunity to litigate any proper issue, on motion the superior court, undoubtedly, will allow such an amendment to be made as justice may require to effectuate that result. *Owen* v. *Weston,* 63 N. H. 599, and cases there cited.

In the action of the insured against the company, the company objected to the motion of the insured for judgment upon the referees' report on the grounds that the court had no jurisdiction; that the company would be deprived of the right to a trial by jury; that a justice of the superior court had no authority to appoint

referees; and that the policy contract relating to the appointment of referees, and their report, is in conflict with chapter 170 of the Public Statutes, and void.

The trial court found, without exception, that no question as to the validity of the policy issued by the company was referred to the referees or passed upon by them, and that the question whether the insured has since the fire attempted to defraud the company, and if so, whether the policy by its terms has become void, has never been presented to or decided by any tribunal. The company has an undoubted right to the trial of these issues by jury, and the court had no authority to order a judgment that would deprive it of that right. The judgment is therefore set aside, for the company must be given an opportunity to litigate the validity of the policy. The next question which presents itself is whether the award made by the referees determining the amount of the damages sustained by the insured is binding upon the parties. The award is the result of a completed arbitration between the parties, relating to the loss suffered by the insured, and the parties must be bound by it. The referees appointed by the court, after notice, had a hearing upon the question of the loss occasioned by the fire. The company appeared and participated in the hearing. Both parties submitted the question of damages to the determination of the referees, and they must be bound by the finding of the referees relating thereto. *Spofford* v. *Spofford*, 10 N. H. 254; *Whitcher* v. *Whitcher*, 49 N. H. 176; *Truesdale* v. *Straw*, 58 N. H. 207, 216; *Burleigh* v. *Ford*, 59 N. H. 536, 541; 5 C. J. 43.

The question raised by the company that a justice of the superior court had no authority to appoint referees, is of no great importance, because the company made no objection to the appointment, and by appearing and taking part in the hearing before the referees, accepted them as the tribunal provided for in the policy to determine the loss sustained by the insured. There is no doubt, however, that a justice of the superior court had authority to make the appointment. "Since 1879, the law which is now chapter 170 of the Public Statutes has been a part of every contract of fire insurance made in the state. In 1885 it was enacted that the insurance commissioner should provide a standard form of policy, and that all companies should conform to the regulations prescribed by him. Laws 1885, c. 93, s. 3. Acting under this authority, the commissioner prescribed the form since known as the 'New Hampshire standard form of policy.' Ins. Com. Rep., 1885, *pp.* 5, 73. Grave doubts

arose as to the binding effect of the commissioner's action. A similar statute, passed by the same legislature, was held to be invalid as an attempted delegation of legislative power. *In re School Law Manual,* 63 N. H. 574. In the revision of 1891, all doubts were removed by the enactment that 'the form of policy and insurance contract now in force in this state is continued until the insurance commissioner shall change it.' P. S., *c.* 170, *s.* 1." *Franklin* v. *Insurance Co.,* 70 N. H. 251, 257.

The same form of policy is now in force as when the above decision was rendered. And it contains a provision which gives the court authority to appoint referees to find and report the loss sustained upon a fire insurance policy, on petition of either party. The fact that in the form of the policy prescribed by the insurance commissioner in 1885, authority is given to a justice of the supreme court to appoint referees, does not deprive a justice of the superior court of power to act in such a case, because justices of the superior court, under the Laws of 1901, chapter 78, have the authority formerly possessed and exercised by the justices of the supreme court in matters of this character. The contention of the company that the policy contract relating to the appointment of referees, and their report, is in conflict with chapter 170 of the Public Statutes, and void, cannot be sustained. The referee clause in the New Hampshire standard form of a fire insurance policy, provides a method by which the parties may have the amount of loss under a policy determined by referees. But the parties are not compelled to adopt this procedure to adjust a loss. The insured may, if he prefers, bring an action at law to collect his damages under chapter 170 of the Public Statutes. *Franklin* v. *Insurance Co., supra.* The referee clause is not rendered void by this chapter, but is an additional means for the parties to an insurance policy, if they so desire, to adjust a loss thereunder. In the instant case the insured petitioned for the appointment of referees to determine the amount of loss, and the company acceded to that method of procedure by attending the hearing before the referees and participating therein, and the company made no objection until after the referees filed their report, and the arbitration was fully completed. The amount of damages, therefore, has been finally adjusted. There are several actions pending in the superior court between these parties.

The question of the validity of the policy can be litigated in the action that seems to the court most appropriate therefor. And if an amendment to the case is necessary to facilitate the trial and

promote justice, unquestionably it will be permitted.  *Owen* v.
*Weston, supra.*

At the trial, the award of the referees may be introduced as
evidence of the amount of damages, and upon that issue the award
will be conclusive.

*Salganik* v. *Company, exception sustained: Company* v. *Salganik,
exception overruled.*

All concurred.