GREELEY & a., *Ex'rs, v.* NASHUA.

A bill in equity for instructions does not lie unless a determination of the questions presented is necessary to the administration of a trust.

BILL IN EQUITY, praying the advice of the court. The bill alleges that the deceased left a will, which has been duly proved, containing among other provisions the following: "I give and devise to the city of Nashua my farm, situate on the Concord road in said Nashua, as deeded to me by Joseph Greeley, containing one hundred and sixty acres more or less, at the termination of the lease at my decease to be kept and held by said city for all time, to be used for farming purposes, and at some future time for a park or for some public institution. Said city to cause all the wood and timber to be cut and marketed paying over to my executors one half the same shall bring in market within three years after my decease; also to pay over to my executors one fifth part of all the profits yearly from said farm for fifteen years from my decease. Said city to accept this devise within one year after my decease and not accepting said devise and failing to perform the provisions of this item the said farm to revert. And I hereby give and devise the same to my wife and executors, they to share equally;" that the farm consists of one hundred and sixty acres of valuable farming land with buildings thereon; that the city claim that they have accepted this devise in legal form, and have demanded of the plaintiffs the possession of the devised premises. The city also claim

the right to the use and occupation of the premises without performing any of the conditions of the devise, claiming that the conditions are void, and that they have the right to hold the same for farming purposes and to raise money to repair buildings and carry on the business of farming generally without at any time converting the farm into a public park or using it for a public institution; that they can carry on the farm and lay out money, to any extent, in repairing buildings and fences, and pay over to the executors one fifth of any income remaining, for the term of fifteen years.

They also claim that they have the right to sell the wood and timber upon the stump, and pay over to the executors one half of the amount received. . They also claim the right to cut the wood and timber, and sell the same on the lot without carrying it to market. All of these claims the plaintiffs deny. They pray the advice of the court on the following points :

1. Can the city accept and hold the devised premises, using the same for farming purposes only?—if so, for how long?

2. Can the city accept the farm and use it as a poor-farm?—now or at any future time?—or as a poor-farm and city house of correction combined?

3. If the city have the right to operate the devised premises as a farm for fifteen years or more, how shall the share of profits going to the plaintiffs as executors be ascertained?

4. Can the city sell the wood and timber on the stump?—if not, can they sell the same when cut upon the lot, or must it be carried to Nashua (one mile) or some other market for sale?

*T. D. Luce*, for the plaintiffs.

*R. D. Barnes*, for the defendants.

CARPENTER, J. The plaintiffs take whatever they may be entitled to under the will, not in their character as executors, or in trust, but in their own right. They present no question touching the proper disposition of trust funds, but request the court to inform them what their legal rights and those of the defendants are in the property devised. The court might with equal propriety be called upon by the parties interested to advise them regarding the title to land, the construction of a contract, or any other question of law. Such questions are not ordinarily adjudicated until it becomes necessary to decide them in proceedings instituted for the redress of wrongs. They are prospectively determined by a court of equity in behalf of trustees who in the execution of the trust are entitled to its protection. Trustees are not required to incur risk in the management or distribution of the trust fund. In cases of doubt they may apply for the direction of the court, or they may decline to act without its sanction, leaving the parties interested to bring their bill to compel a performance of the trust. *Wheeler* v. *Perry*,

18 N. H. 307; *Farley* v. *Blood*, 30 N. H. 354; *Goodhue* v. *Clark*, 37 N. H. 531; *Petition of Baptist Church*, 51 N. H. 424; *Dimmock* v. *Bixby*, 20 Pick. 374; *Putnam* v. *Collamore*, 109 Mass. 509; *Sohier* v. *Burr*, 127 Mass. 221; *Bowers* v. *Smith*, 10 Paige 193; *Bailey* v. *Briggs*, 56 N. Y. 407.

*Bill dismissed.*

STANLEY, J., did not sit: the others concurred.