## BASSETT *v.* BROWN.

Where A and B convey their homestead to C by deed of warranty which is duly recorded, and C, at the same time, executes and delivers to them a bond conditioned to care for them during their lives, otherwise the deed to be null and void, a breach of the bond on his part after partial performance is not available to a subsequent grantee of the same premises from A and B; nor can such grantee, unless defrauded by the acts or representations of C, maintain a bill against him to cancel his deed, or to enjoin him from prosecuting an action for the possession of the premises.

IN EQUITY. The substance of the bill is, that in November, 1875, one John Marsh and his wife Polly, by warranty deed in common form, conveyed their homestead, of the value of $400, to the defendant, and in consideration thereof she gave them a bond, in the sum of $400, to nurse and care for them during their lives, with the condition that the deed should be void if she did not fulfil the obligations of the bond; that the defendant abandoned John and Polly, April 7, 1879, without any cause on their part, and thereafter refused to render to them the care and service required by the bond, although duly requested; that thereupon John and Polly resumed control of the premises, and on April 22, 1879, conveyed the same to the plaintiff by deed of warranty, who has ever since remained in possession thereof; that, as a part of the same transaction, the plaintiff executed and delivered to John and Polly

a mortgage deed of the premises to secure on her part the performance of conditions like those contained in the defendant's bond; that the plaintiff faithfully performed all the duties required by the mortgage until the decease of John and Polly within a year thereafter; that since their decease the defendant has commenced an action against the plaintiff to recover possession of said premises, claiming to own the same by virtue of said deed of November, 1875, which action is now pending.

The prayer is, that the prosecution of said action may be enjoined, and that the defendant's deed be reformed and decreed to be a mortgage deed, or that the same be ordered to be cancelled and of no effect.

The defendant filed a general demurrer to the bill.

*Marston & Eastman*, for the plaintiff. The undertakings of the defendant, contained in the condition of her bond, constituted the sole consideration for the deed of Marsh to her of all his property. The deed and the bond executed at the same time made one contract. By the terms of the bond the defendant undertook to do many things,—in substance, that she would live with, cook and wash for, nurse and take care of, in sickness and in health, Marsh and wife, while they or either of them lived; and, moreover, that the deed should be void if she did not; and if she died before they did, that her heirs or assigns should reconvey the land to the said Marsh. The defendant having got her deed, tired of her contract, refused to perform it, abandoned Marsh and his wife, and refused to return. Thereupon Marsh made a similar contract with the plaintiff, who faithfully performed it. Marsh and wife being dead, the defendant sues the plaintiff for the possession of the land, and the plaintiff asks the court to enjoin her from prosecuting said suit and that her deed be cancelled

An action for damages would afford no adequate remedy for the violation of her agreement, nor could the court enforce a decree for the specific performance of all the various things which the defendant undertook to perform. The only remedy for the wrong is the cancellation of the defendant's deed. There are two grounds upon which the relief asked may be granted. (1) The abandonment of Marsh and wife by the defendant was a breach of legal duty so injurious to them and unduly advantageous to herself as to entitle them to relief on the ground of fraud, and the relief they might have had the plaintiff is entitled to. 1 Sto. Eq. Jur., *s.* 187; 2 Sto. Eq. Jur., *s.* 695. (2) The defendant, in abandoning Marsh and wife, and refusing to perform the work she undertook to perform, may be presumed to have abandoned the land which was to have been her compensation for that work; and seeing the plaintiff perform all duties towards Marsh and wife which she had agreed to perform, and in possession of the land under a deed of Marsh as her compensation for her work, she cannot now, after the work has been

fully performed, claim the land by virtue of her own deed, and so defraud the plaintiff.

*J. S. H. Frink*, for the defendant.

BLODGETT, J.   The bill makes no case for the reformation of the defendant's deed.   Doubtless a deed can be reformed in cases of fraud or mistake, but this bill alleges neither, and, so far as it appears, the parties to the deed and bond gave and got just the security they intended.   "A deed cannot be reformed in equity where it appears to have been made according to the intention and understanding of the parties at the time of its execution."  *Bradford* v. *Bradford*, 54 N. H. 463 : *Hunt* v. *Rousmaniere*, 1 Pet. 1, 13–17.   The fact that the bond was not as good a security as might have been selected, affords no ground for relief, for while equity may compel parties to execute their agreements, it has no authority to make agreements for them, or to substitute one for another. *Hunt* v. *Rousmaniere, supra ;* 1 Sto. Eq. Jur. (12th ed.), s. 115.

The case made for the cancellation of the deed fails on both of the grounds taken by the plaintiff.

1. The charge against the defendant is not one of fraud upon the plaintiff, nor even upon Marsh and wife, but simply a breach of contract towards the latter, for which there is plainly a complete and adequate remedy at law by a suit upon the bond.   But if not, and if Marsh and wife, if living, might maintain a bill for cancellation, the plaintiff cannot do so, not merely because the bond from its terms and nature was not assignable, but because it has never been assigned to her ; and besides, the law affords her all the redress to which she is entitled by a suit upon the covenants of her deed.

2. The mere non-occupation of the land for a year by the defendant raised no presumption that she abandoned all claim to it upon which the plaintiff had the right to rely ; nor is the case presented at all analogous to the class of cases where one having title to the land himself knows that another, ignorant thereof, but believing himself to be the owner, is proceeding to incur expenditures and make improvements thereon, and the real owner conceals his title from him, or remains silent in relation to it ; for the defendant's deed was upon record, and the plaintiff was bound to take notice of it.   In order to justify the interposition of equity under such circumstances, it must clearly appear that the acts, silence, or other conduct of the defendant, in respect to the premises, were so inconsistent with her record title that the plaintiff was naturally misled thereby, and induced to act thereon to her injury. But the bill charges nothing of the kind, and contains no allegation whatever that does not fall far short of even the groundwork of an estoppel, or other equitable relief.   And if the contrary were

true, relief would only be granted the plaintiff upon such terms as the real justice of the case might require.   1 Sto. Eq. Jur., *s*. 693. The demurrer is sustained.

*Bill dismissed.*

CARPENTER, J., did not sit: the others concurred.