CONCORD & MONTREAL RAILROAD v. BOSTON AND MAINE
RAILROAD & a.

The supreme court has common-law power to determine the location of a union passenger depot, which the public good requires.

PETITION, for the location of a union station at Manchester. All the parties desire the erection of such a station, which, it is conceded, the public good requires; but they are unable to agree upon a location. The defendants claim that the court has no jurisdiction.

*Frank S. Streeter*, for the plaintiffs.

*Oliver E. Branch*, for the defendants.

*Per Curiam.** The legislature has not authorized the railroad commissioners to locate railroad stations (P. S., *c.* 155, *ss.* 11–23, *c.* 159, *ss.* 21, 22), and no other tribunal is directly invested with that power. It is conceded that the public good requires that there should be a union passenger station in the city of Manchester, to be used by the railroads connecting at that point, for the accommodation of the public as well as for their own convenience and advantage. From this concession it necessarily follows that it is the legal duty of the parties to locate, erect, and maintain such a depot as public necessity requires. The fact that they are unable to agree upon a suitable location does not relieve them from that duty; and the question is, whether this obligation is an unenforceable one in the absence of express legislation upon the subject, or whether the right, which each has in the performance of its public function, to locate a union station at a reasonably convenient point cannot be vindicated and enforced by the orders and decrees of this court.

In *Burke* v. *Concord Railroad*, 61 N. H. 160, 241, it is said,— "And if the Concord were not expressly authorized by its charter to enter on and use the Nashua & Lowell road, and if *ss.* 1 and 2 of *c.* 163, Gen. Laws, did not recognize the validity of business connections of railroads, and if *c.* 164 had not provided a method of compulsorily adjusting the business connection of the Concord and the Nashua & Lowell, we should not be prepared, upon such consideration as we have been able to give the subject, to say that there was such a defect of corporate powers, or such a defect of public rights or remedies, that these companies could not be compelled to make with each other a convenient and economical business connection. It may be found, should this point ever be presented for consideration, that as these roads . . . are highways, authorized to be located and constructed for public use, there is, by necessary implication, a judicial power of compelling the corporations to work them as parts of a continuous line, in such a business connection as is required by the reasonable necessities of public convenience and public economy. . . . Where there is a legal right, public or private, and no statutory remedy, the common law generally furnishes an adequate remedy by appropriate process of law or equity. And in case the Concord and Nashua & Lowell companies should neglect their duty of making a business connection as economical, convenient, and efficient as the public have a right to demand, it would be strange if the judicial introduction of numerous forms of action and process during the

* See foot-note on page 80.

last one or two thousand years had so exhausted the resources of the common law that it could no longer produce the simple remedies needed for the maintenance of such an ordinary prerogative as the public right of reasonable use of connected highways." In *Moses* v. *Julian*, 45 N. H. 52, 59, it was held that when a will could not be proved in the probate court because it was written by the judge of probate, it could be proved in this court, where such decrees could be made as justice might require. The estate could be settled here because it must be settled somewhere, and no other forum is provided. The effect of that decision is, that when there is judicial work to be done, and no court of limited and special jurisdiction is authorized to do it, the duty of affording relief is imposed upon the court of general jurisdiction. This rule was applied in *Boody* v. *Watson*, 64 N. H. 162, 187, 188, and is well settled in the jurisprudence of this state. In the absence of a court of special and limited jurisdiction authorized to administer a particular law requiring judicial action, legal rights are maintained by the court of general jurisdiction performing its ordinary duty of rendering judgment and issuing process in cases in which there is no other judicial mode of administering the law. The right of these parties and the public to have the union station at Manchester located in the proper place is a legal right, the enforcement of which is not prevented by the circumstance that the remedial power is not conferred upon a tribunal of special and limited jurisdiction. It is a right which can be judicially determined at the trial term upon a petition or bill in equity seeking such relief. The procedure will be such as is considered most appropriate for the work to be done. *Walker* v. *Walker*, 63 N. H. 321.

*Case discharged.*

CHASE and WALLACE, JJ., did not sit: the others concurred.