Cheshire, }
Dec., 1899. }

ELLIS, *Ex'r*, v. ALDRICH *& a.*

Under a legacy to a wife with a limitation over "in case of" her decease, the surviving widow will take absolutely unless a contrary intention appears.

A legacy to a wife which was not intended to be in addition to the rights given her by law in her husband's estate will not be abated, in common with general legacies, on account of an insufficiency of assets.

When the assets of an estate are insufficient to pay the general legacies in full, a legacy in trust for the care of a cemetery lot will be abated, in common with others.

Where a will provides that certain legacies shall not be paid during the life of the testator's widow, and that, "if necessary, the interest on the same may be expended for her support," it is the duty of the executor, in the impartial exercise of a sound discretion and subject to the supervision of the court, to make such expenditure whenever the means already provided prove insufficient to maintain the beneficiary in a manner reasonably suitable to her age, physical condition, and station in life.

BILL IN EQUITY, praying for instructions as to the execution of the will of Edward C. Aldrich, of which the plaintiff is the executor. The testator, after ordering the payment of his debts and funeral expenses, and giving one hundred dollars to the city of Keene, in trust, for the care of a cemetery lot, made the following provision: "Third. I give, bequeath, and devise to my beloved wife, Hannah Aldrich, my homestead place, No. 29 Cross street, in said Keene, or the sum of three thousand dollars, as she may choose, and all my household furniture and goods, with all the provisions I may have on hand at my decease. Also the sum of fifteen hundred dollars in money; and in case of the decease of my said wife, the same that I have bequeathed to her shall go to her lawful heirs, excepting her brother William Aldrich's heirs, who are not to have a share therein." By the fourth, fifth, sixth, and seventh articles of the will, he gave a legacy of five hundred dollars to each of three sisters and five nieces, and to a church, and provided that the legacies should not be paid while the widow lived, and that, "if necessary, the interest on the same may be expended for her support." He gave the residue of his estate to three sisters. Under the third article, the widow has made choice of the homestead place. The assets are not sufficient to pay the legacies in full.

Instructions are asked for upon the following questions: (1) Whether the legacy of fifteen hundred dollars to the widow is payable without condition; (2) whether this legacy and the one

to the city of Keene should be abated with the other general legacies; (3) under what circumstances is the widow entitled to the income of the legacies given in the fourth, fifth, sixth, and seventh articles. There is also a request in the brief filed in behalf of the widow that the character of her title to the homestead place shall be determined.

*Charles H. Hersey*, for the plaintiff.

*Batchelder & Faulkner*, for Hannah Aldrich.

*John E. Allen*, for Guy Saunders, a child of a deceased legatee.

CHASE, J. 1. If the words, "in case of the decease of my said wife," in the third article of the will, speak as of the date of the testator's death, as the words of a will ordinarily do, the time of the wife's decease referred to would antedate the testator's decease. The idea would be expressed more fully by the following form, retaining the grammatical construction of the will: In case of the decease of my said wife at the time of my decease.

The words "in case of" refer to a condition upon the happening of which certain rights are dependent. If the intention had been that the property bequeathed to the wife should go to others whenever she died, "at" or "upon" would naturally have been used instead of these words. It is probable, also, that the life tenure of the wife would have been more explicitly stated.

It is assumed that the testator left no issue surviving him. His legacies to his wife amounted to something over $4,500, and to his relatives and others, to $4,600. If this equality in the division of the property between his wife and others does not show that he was in fact acquainted with the law which would entitle her to one half of the property, it shows, at least, that he regarded her right to it as morally equal to his own. Entertaining this view of the respective rights of himself and his wife, he would be more likely to undertake to dispose of her half of the property, in case her death occurred before his, than to undertake to dispose of it after her decease if she survived him. She could not have complete equality of right in the property without having complete ownership of her share. If she concluded to look to the statutes instead of the will for her rights, she might obtain an absolute title to one half of the property.

These considerations lead to the conclusion that the testator intended his widow should have the $1,500 absolutely if she survived him.

2. It is a general rule that when the assets are not sufficient to pay the general legacies in full, they shall abate proportionately. But when there is a valuable consideration for the testamentary gift, as, for example, if a legacy be given to the testator's widow in lieu of dower, the legacy is entitled to a preference of payment over general legacies which are mere bounties. *Burridge* v. *Bradyl*, 1 P. Wms. 127; *Heath* v. *Dendy*, 1 Russ. *t.* Eld. 543; *Norcott* v. *Gordon*, 14 Sim. 258; *Blower* v. *Morrett*, 1 Ves. 420; *Stahlschmidt* v. *Lett*, 1 Sm. & G. 421; *Isenhart* v. *Brown*, 1 Edw. Ch. 411; *Security Co.* v. *Bryant*, 52 Conn. 311; *Moore* v. *Alden*, 80 Me. 301; *Pollard* v. *Pollard*, 1 Allen 490. And it makes no difference that the legacy is more than an equivalent for the value of the dower. *Davenhill* v. *Fletcher*, Amb. 244; *Brown* v. *Brown*, 79 Va. 648.

The will in this case does not provide in express terms that the devise and legacies to the wife shall take the place of her dower and other rights in the husband's property; but, by a statute enacted in 1878 (Com'rs' Rep. G. L., *c.* 196, *s.* 18), it is provided that "every devise or bequest by the husband or wife to the other shall be holden to be in lieu of the rights which either has by law in the estate of the other, unless it shall appear by the will that such was not the intention." P. S., *c.* 195, *s.* 17. It clearly appears that the devise and legacies to Mrs. Aldrich were intended not to be in addition to her rights of dower, etc. She could not have dower and homestead rights in the homestead place, in addition to the place itself. The statute is therefore to be read into the will, and the result is the same as it would be if the will itself set forth, in so many words, that the legacies to the wife were given in lieu of her rights under the law. These rights were dower, a homestead right, a right to have one half of the personal estate remaining after the payment of debts and expenses of administration, and a right to release the dower and homestead rights and take instead thereof one half of the real estate in fee. The law also gave her the privilege of waiving the provisions of the will in her favor, and having the foregoing rights in the place of them. P. S., *c.* 138, *ss.* 1, 2; *Ib.*, *c.* 195, *ss.* 3, 10, 11. By the will, in connection with the statute, the testator offered her the devise and legacies mentioned in the will as a consideration for all these rights. She was free to accept or reject the offer. Having accepted it, her position is as much that of a purchaser as it would be if the whole transaction had been set forth in the will. It is immaterial that the provision establishing the relation between the legacies and her legal rights is contained in the statute instead of the will. The reasoning of the cases cited applies with full force to the facts of this case. *Farnum* v. *Bascom*, 122 Mass. 282, 288, 289; *Borden* v. *Jenks*, 140 Mass. 562.

No abatement should be made in the $1,500 legacy to Mrs. Aldrich if the assets remaining after the payment of debts and expenses of administration are sufficient to pay it in full.

3. The legacy to the city of Keene falls within the general rule and must be abated, in common with the other general legacies except the one to the widow. It stands no differently in this respect from the one given to the church in the seventh article. *Hall* v. *Smith*, 61 N. H. 144; 2 Wms. Ex. 671.

4. It is made the duty of the executor to expend, "if necessary," the income of the legacies given by the fourth, fifth, sixth, and seventh articles of the will for the widow's support. "May" in this provision was used in the sense of "must" or "shall." The testator gave her the homestead place, if she chose to take it, and his household furniture and goods, showing that he intended she should have at least as comfortable a home as that place so furnished would afford. A conversion of her interest in the place and furniture into money by a sale and the use of the proceeds for her support would defeat this purpose, and it seems to be reasonably certain that such a course was no part of the testator's plan. The support contemplated was to be enjoyed at the homestead place, or some other place equally suitable, and was to be adapted to the age, state of health, and position of the widow, —such as the testator, if alive, would furnish her under the same circumstances. If her means prove to be insufficient to provide such support, the income of the legacies is to be expended for the purpose. The necessity which the testator had in mind was a reasonable necessity in view of all the circumstances. The question whether it exists at a given time is to be determined by the executor in the impartial exercise of a sound discretion, subject to the supervision of the court. *Cram* v. *Cram*, 63 N. H. 35. It cannot be foreseen what the circumstances will be, and more definite advice as to this provision of the will cannot now be given. Should the circumstances be such, at any time, as to cause the executor to have a reasonable doubt in regard to his duty in this matter, he can make application to the court for further instruction.

5. The question as to the character of Mrs. Aldrich's title to the homestead place does not concern the executor, and cannot properly be considered in this suit. *Gafney* v. *Kenison*, 64 N. H. 354.

*Case discharged.*

All concurred.