Grafton, }
Dec. 5, 1901. }

### DAVISON v. DAVISON.

Where a conveyance is void by reason of the breach of a condition subsequent, the grantor has an adequate remedy in a real action and is not entitled to equitable relief; but if a bill in equity for a cancellation of the deed has been erroneously brought, it may be amended by filing an appropriate count at law.

BILL IN EQUITY, alleging in substance that in 1896 the plaintiff conveyed to the defendant, her son, certain land in Holderness, by a deed in which she covenanted to stand seized of the land to her own use during her life and after her decease to the use of the defendant and his heirs and assigns forever, upon the condition that if the defendant should refuse at her request to live with her on the premises conveyed, carry on the farm in a husbandlike manner, or to suitably support her thereon, the deed should be void, and that the defendant has refused at her request to perform the condition contained in the deed. The prayer is for a cancellation of the deed, or other appropriate relief. The defendant filed a demurrer to the bill, which was overruled at the September term, 1901, of the superior court by *Stone*, J., subject to the defendant's exception.

*Burleigh & Adams*, for the plaintiff.

*James L. Wilson*, for the defendant.

WALKER, J. As the plaintiff has an adequate remedy at law (*Walker* v. *Walker*, 63 N. H. 321; *Bassett* v. *Brown*, 61 N. H. 602; *Rollins* v. *Riley*, 44 N. H. 9), equity will not afford relief. But by a motion addressed to the superior court she may obviate this defect by filing an appropriate count at law as an amendment of the bill. *Walker* v. *Walker*, *supra*, 326. Until that is done the order must be

*Exception sustained.*

All concurred.