Grafton,
April 1, 1902.

BAILEY & a., Ex'rs, v. McINTIRE & a.

Where real estate is devised to the wife of the testator, "to be used by her for her comfort, maintenance, and support during her natural life," the executors have no such interest in the determination of a question involving the nature and extent of her title as to require the advice of the court thereon.

BILL IN EQUITY, for the construction of the will of Alexander McIntire. Facts agreed, and case transferred from the February term, 1902, of the superior court by *Young*, J.

The testator devised to his wife, Mary W. McIntire, who is also one of the executors, " all of my estate, both real and personal, . . . to be used by her for her comfort, maintenance, and support during her natural life." The remainder, if any, is devised to other parties. The estate of the testator consisted of a dwelling-house and a lot of land upon which it stands, situated in Littleton, and personal property appraised at $272. The real estate was subject to a mortgage amounting to $753.71, and there was other indebtedness of about $800. In order to liquidate the indebtedness and to pay the expenses of administration, the widow borrowed $1,600 from a bank, and gave a mortgage upon the house and lot to secure the loan. She has no other means of support, and unless she can sell the property she will soon come to want. The question presented is whether she has the right to sell the homestead and convey the entire title possessed by the testator.

*Daniel C. Remich,* for the plaintiffs.

*Defendants, pro se.*

WALKER, J.   The plaintiffs' contention, that Mary has a life estate in the land devised to her, with the right to dispose of it by deed whenever she may deem it necessary to do so "for her comfort, maintenance, and support," does not appear to be disputed, and may be a correct statement of the testator's intention.   But it is not the province of the court to determine the validity of Mary's title, which is derived not from the executors but from the testator, and with reference to which the executors have no duty to perform.   A prospective decision of the question suggested, whether in accordance with, or against, the plaintiffs' claim, would not aid the executors in the performance of a fiduciary duty imposed upon them in their official capacities.   They have no such interest in the determination of that question as to require the advice of the court.   *Greeley* v. *Nashua,* 62 N. H. 166 ; *Gafney* v. *Kenison,* 64 N. H. 354 ; *Ellis* v. *Aldrich,* 70 N. H. 219, 222 ; *Carr* v. *St. Paul's Parish, ante, p.* 231.

                                                       *Case discharged.*

All concurred.