Rockingham, }
Dec. 6, 1904. }

## HARVEY *v.* HARVEY & *a.*

The power of the court to advise parties as to their rights and duties is limited by the common law to questions arising in the administration of property held in a fiduciary capacity, and by the constitution to opinions given upon request of the legislature and the governor and council.

Section 2, chapter 205, Public Statutes, does not confer upon the court jurisdiction of a bill in equity brought by one in the undisputed possession of real estate, for the purpose of determining a hypothetical question as to his title.

A proceeding in equity is not maintainable to adjudicate the title to real estate, if there is a plain and adequate remedy at law.

BILL IN EQUITY, for the construction of a deed dated December 3, 1900, running from Matthew J. Harvey to the plaintiff, his heirs and assigns, in the ordinary form of a deed of warranty, and containing after the description and before the *habendum* the following: "This deed is made on the express condition that no building or other structure, for the space of twenty-five years from this date, shall be built or placed upon said lot within twenty feet of the northerly side line of said Orchard street, and for the same space of time no mercantile establishment, or factory, or livery stable shall be placed upon said lot. And said Nathaniel D. Harvey shall not sell or convey said lot, with buildings thereon or otherwise, to any person or persons whatsoever, but keep it to build a home on for himself, wife, and his descendants as long as any shall remain; when they cease, then to go to John M. Harvey and Matthew Harvey, their heirs and assigns forever; and in case of a violation by said grantee, or his heirs or assigns, of any of these restrictions or reservations, said land, together with all the improvements thereon, shall revert to and become the property of the grantor and his heirs, and this deed shall be void; otherwise to remain in full force and value."

The plaintiff has erected on the lot a dwelling-house in which he now resides with his wife and children. He desires to borrow money upon a mortgage of the premises for the purpose of paying outstanding indebtedness incurred by him in building, but is unable to do so because of the defendants' claim that he does not own the premises in fee, and that if he attempts to convey the property it will revert to them. The defendants Matthew and John M. Harvey are sons of the plaintiff's deceased grantor, the former being residuary legatee under his father's will.

At the request of the parties and upon their agreement as to the facts, the following questions of law were reserved by *Pike,* J., at

the October term, 1903, of the superior court: (1) Is the condition relating to the selling and conveying of said lot invalid and unlawful, and of no binding force or effect? (2) Does the lot of land described in the deed belong to the plaintiff in fee simple?

*Page & Bartlett*, for the plaintiff.

*Eastman & Hollis*, for the defendants.

PARSONS, C. J. The substance of the plaintiff's bill is a request for advice as to the character and extent of his title under the deed of Matthew J. Harvey to him. The questions raised are as to the validity of a condition or restriction in the deed against any sale or conveyance of the premises by the plaintiff, and whether John M. Harvey and Matthew Harvey have any title under the deed. In short, the plaintiff desires the court to inform him whether, if he makes a mortgage of the premises, he will lose the premises; and if not, whether such mortgage will convey the whole title.

The first matter to be considered is whether these questions are so presented that the court is authorized to decide them. Except in the case of trustees who are not required to incur risk in the management of a trust fund, questions of legal right are not ordinarily adjudicated until it becomes necessary to decide them in proceedings instituted for the redress of wrongs. *Greeley* v. *Nashua*, 62 N. H. 166, 167. The power of the court, at common law, to advise parties as to their rights and duties is limited to the administration of property held in a fiduciary capacity. *Drake* v. *True*, 72 N. H. 322; *Bailey* v. *McIntire*, 71 N. H. 329; *Ellis* v. *Aldrich*, 70 N. H. 219, 222; *Gafney* v. *Kenison*, 64 N. H. 354. As no authority exists at common law to entertain the bill it must be dismissed, unless statutory authority therefor, constitutionally conferred by the legislature, is to be found. In the absence of suggestion from counsel, the only provision apparently applicable which has been discovered is section 2, chapter 205, Public Statutes (Laws 1883, *c.* 43), which is as follows: "Any person in possession of real property claiming an estate of freehold, or an unexpired term of not less than ten years, may maintain a bill in equity against a person who makes a claim adverse to his estate,— whether such adverse claim is based upon a record, a written instrument, or otherwise,—to determine the question of title as between the parties, and the court's decree thereon shall be conclusive."

The constitutional authority of the court to give advice is limited to the cases enumerated in article 74 of the constitution, and cannot be extended by legislative action. *In re School Law Manual*, 63 N. H. 574; *In re Probate Blanks*, 71 N. H. 621. At

common law, the title to real estate could be directly adjudicated only in an action for the possession, which necessarily was not maintainable by one already in possession, or incidentally by an action for damages for a disturbance of the possession, which could not be maintained by one in possession in the absence of an interference with his possessory right by an adverse claimant. A purpose to confer power which the legislature could not constitutionally grant is not to be inferred, and the act cannot be construed to authorize the court to pass on hypothetical questions as to title. It was intended to remove the difficulty which prevented, at common law, one in possession of real estate from obtaining an adjudication against one who disputed, but did not disturb, his rightful possession by legal action or overt act. As was said in *Walker* v. *Walker*, 63 N. H. 321, 328: "This act was intended for the relief of persons whose possession of land should be held to be an obstacle in the way of their maintaining actions at law for the establishment of their disputed titles."

The first question which the parties have reserved—"Is the condition relating to the selling and conveying of said lot invalid and unlawful, and of no binding force or effect?"—does not come within the purposes of the act. No person now claims any possessory right in the premises under the provision against alienation, or asserts any right to disturb the plaintiff's possession. The plaintiff, in substance, asks the court to pass in advance on the validity of a mortgage, should he make one, and incidentally to determine whether the property is liable for the claims of his creditors. The court has neither the power nor the right to advise in the matter.

Counsel for John M. and Matthew Harvey do not argue the validity of the condition against alienation, but contend that the interest attempted to be conveyed to John M. and Matthew Harvey is not void as within the rule against perpetuities. They claim that the deed conveys a life estate to Nathaniel D. Harvey and his children, and that their title, under the construction for which they contend, is a remainder in fee expectant upon the termination of such life estate. In *Walker* v. *Walker*, 63 N. H. 321, it was held that a real action lies at common law for a remainder of land in fee expectant upon the termination of a life estate. If this rule is an exception to the general one, that questions of legal right are not ordinarily adjudicated except in proceedings for the redress of wrongs, the exception does not furnish a foundation for this proceeding in equity. In the case cited, the contention was as to the title to a remainder such as the defendants here claim, and the bill was dismissed upon the ground that the statute was not intended to authorize a proceeding in equity in cases where

there was a remedy at law.    The defendants urge in their brief that
the plaintiff shows no case for the interposition of equity.    The
objection to the equitable jurisdiction of the court being taken,
and no authority, except the statute, in support of such jurisdic-
tion being found, the bill must be dismissed.    *Walker* v. *Walker*,
63 N. H. 321, 328; *Davison* v. *Davison*, 71 N. H. 180.

*Bill dismissed.*

All concurred.