Cheshire,
May 7, 1935.

PETITION OF ORVILLE E. CAIN, *Ex'r.*

*Orville E. Cain,* executor, *pro se.*

*William H. Watson,* for Walter S. Daggett.

*Arthur Olson,* guardian *ad litem,* for all legatees *non sui juris.*

BRANCH, J.   The inquiries of the executor do not invite extended consideration.   The bequest to Walter S. Daggett contained in the ninth clause of the will is general and not specific in character.   A pecuniary legacy does not become a specific bequest merely because it is given for a specific purpose.   4 Schouler, Wills (6th *ed.*), *s.* 3057; 69 C. J. Tit., Wills, *ss.* 2097, 2121.   The above bequest is, therefore, to be treated like the other pecuniary legacies in the will and reduced proportionally.

Although the decedent in her lifetime took some steps looking toward an ademption of this bequest, her plan was not fully carried out and no ademption resulted.   The house which she purchased for Walter S. Daggett was never conveyed to him.   The title was in the decedent at the time of her death and the house, therefore, falls into the residue of her estate.   The executor is not empowered to transfer it to the said Walter S. Daggett under any circumstances.

By the second clause of the will the decedent's house is specifically devised to Flora Evans Daggett, and her title thereto is not affected by the insufficiency of the estate to pay other legacies in full.

The bequest of household furniture contained in the third clause of the will is also specific in character and is unaffected by the inadequacy of the estate to pay other legacies in full.

The two legacies to the towns of Westmoreland and Marlow are general in character and subject to proportional reduction with the other pecuniary legacies. *Ellis* v. *Aldrich,* 70 N. H. 219.

*Case discharged.*

All concurred.