Carroll
No. 2009-600

HSBC BANK USA, NATIONAL ASSOCIATION, INC.

v.

KEVIN F. MACMILLAN & a.

Submitted: April 8, 2010
Opinion Issued: June 3, 2010

*Hastings Law Office, P.A.*, of Fryeburg, Maine (*Peter J. Malia, Jr.* on the brief), for the petitioner.

Kevin F. MacMillan, by brief, *pro se.*

DALIANIS, J. The respondents, Kevin F. MacMillan, individually and as executor of the estate of Catherine E. Silvey, and seven other heirs to her estate, appeal the order of the Superior Court (*Houran,* J.) dismissing their appeal from a probate court decision on a petition to quiet title. *See* RSA 547:11-c (2007). We affirm.

The record reveals the following facts. In its petition to quiet title, the petitioner, HSBC Bank USA, National Association, Inc., alleged that, through foreclosure, it had acquired property consisting of three merged parcels, but that its predecessors' deed from the estate of Catherine E. Silvey erroneously described only one of the parcels. Thus, the petitioner sought an order quieting its title to the parcels omitted from the deed. The probate court quieted title in the petitioner's favor.

Thereafter, the respondents appealed the probate court's order to the superior court pursuant to RSA 547:11-d (2007), which provides, in pertinent part: "In cases where a right to jury trial is guaranteed by the constitution or granted by statute, a person may, at the time judgment by the probate court is declared, appeal therefrom to the superior court." The petitioner moved to dismiss the appeal, arguing that because there was neither a constitutional nor a statutory right to a trial by jury in a quiet title action, the respondents could not appeal under RSA 547:11-d. The trial court granted the petitioner's motion, and this appeal followed.

The respondents first argue that the trial court erred by concluding that they had no right to a jury trial under Part I, Article 20 of the State Constitution. As the final arbiter of state constitutional disputes, we review the trial court's construction of constitutional provisions *de novo. Gilman v. Lake Sunapee Props.*, 159 N.H. 26, 29 (2009).

█ Part I, Article 20 governs civil jury trials and provides, in pertinent part:

> In all controversies concerning property, and in all suits between two or more persons except those in which another practice is and has been customary and except those in which the value in controversy does not exceed $1,500 and no title to real estate is involved, the parties have a right to a trial by jury. This method of procedure shall be held sacred . . . .

Although Part I, Article 20 of the New Hampshire Constitution generally guarantees a jury trial right "[i]n all controversies concerning property,"

the right does not extend to controversies concerning property that were "not resolved by a jury at the time of the adoption of the constitution" in 1784. *Id.* at 30. In 1784, equity matters, as contrasted with actions at law, were tried to the bench, not to a jury. *See id.* at 32. Accordingly, "[t]he mere fact that title to real estate is involved does not establish the right to a jury trial which deprives equity of all jurisdiction." *Hampton v. Palmer*, 99 N.H. 143, 145 (1954).

The respondents rely upon *Gilman* to argue that they are entitled to a jury trial with respect to the petition to quiet title. In *Gilman*, we examined substantial historical evidence, and concluded that, while partition today has developed into a remedy "calling heavily upon the court's equity powers," *Gilman*, 159 N.H. at 36 (Hicks, J., concurring), it was decided in an action at law in 1784, *see id.* at 31-36.

 The respondents provide no support for their contention that title disputes, like partition actions, were decided in actions at law in 1784. To the contrary, title to real estate generally could not be adjudicated in actions at law, except in the narrow class of cases where a plaintiff's right of possession was actually interfered with by the adverse claimant. *See Harvey v. Harvey*, 73 N.H. 106, 108 (1904). Thus, equity, amplified by statutes such as RSA 547:11-c, developed "to grant relief by way of quieting title or removal of a cloud from a title." *Dowd v. Gagnon*, 104 N.H. 360, 362 (1962); *see also Harvey*, 73 N.H. at 108 (quiet title statute intended for persons whose actual possession of land prevented actions at law to establish title); *Tucker v. Kenniston*, 47 N.H. 267, 270 (1867) ("[c]ourts of equity have jurisdiction to remove a title or claim which may operate as a cloud upon the title of the owner"). Here, the petitioner sought relief that would not have been available in an action at law in 1784. Under these circumstances, a right to a jury trial and, thus, an appeal under RSA 547:11-d, was unavailable to the respondents.

██ The respondents next argue that the superior court erred by failing to find that the petitioner's counsel had a conflict of interest under NEW HAMPSHIRE RULE OF PROFESSIONAL CONDUCT 1.11(c). The respondents have failed to establish how the alleged violation of Rule 1.11 by the petitioner's counsel has caused them prejudice. *See Broughton v. Proulx*, 152 N.H. 549, 553 (2005). "The New Hampshire Rules of Professional Conduct are aimed at policing the conduct of attorneys, not at creating substantive rights on behalf of third parties." *State v. Decker*, 138 N.H. 432, 438 (1994). Accordingly, we agree with the petitioner that the alleged conflict does not warrant reversal of the superior court's decision. The

respondents' remaining arguments are without merit, warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Affirmed.*

BRODERICK, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.